LILLIAN FULKERSON YOUNG et al. v. HARTFORD LIFE INSURANCE COMPANY, Appellant.

**Division One, April 7, 1919.**

1. **LIFE INSURANCE:** Assessment: According to Law of Incorporating State: Full Faith and Credit. Conceding that it was within the province of the court of Connecticut, which incorporated the Hartford Life Insurance Company, to determine the rule of assessment under its charter and the methods by which they are made, and that by the Constitution of the United States the courts of this State must give full credit to the decrees of the Connecticut court, the rulings in Hartford Life Ins. Co. v. Barber, 245 U. S. 146, are not applicable to an assessment by said company which included, in addition to a portion intended for the benefit of the mortuary fund, a tax due the State of Missouri, for no such question was involved in those rulings.

2. ———: ———: Failure to Pay: Forfeiture. Where an insurance company reserves the power in its policies to forfeit them for non-payment of assessments and dues, it must, in order to avail itself of the provision as a defense to a suit on a policy, allege and prove that the aggregate amount demanded of the policyholder was legal and correct, and that upon due notice he failed to make payment thereof. If any portion of the assessment is illegal the policy cannot be forfeited for non-payment.

3. ———: ———: Tax Due State. A life insurance company doing business on the assessment plan has no legal right to increase its assessment for the benefit of its mortuary fund by adding thereto the amount of the tax due the State and demanding payment thereof. And such illegal and invalid demand having been made a part of the assessment, a failure to pay any portion of the assessment does not forfeit the policy.

4. ———: ———: ———: Amount of Recovery: Enforcement of Judgment. In a suit on an assessment policy, where the insured has

failed to pay an assessment which included both a legal demand for the benefit of the mortuary fund and an illegal demand of a tax due the State, the amount of the policy should be reduced by a deduction therefrom of that portion of the unpaid demand which represented the assessment for the mortuary fund, and recovery the enforcement thereof out of the mortuary fund, according to limited to the balance, and the judgment should be limited to the contract.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

Reversed and remanded.

*Jones, Hocker, Sullivan & Angert* and *Geo. F. Haid* for appellant.

(1) The Connecticut court was a court of competent jurisdiction to determine the question of the right of the company to maintain the mortuary fund, and its decree was binding upon the company and all its members. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662; Royal Arcanum v. Green, 237 U. S. 531; Hartford Life Ins. Co. v. Barber, 245 U. S. 146; Condon v. Mutual Reserve, 89 Md. 99; Taylor v. Mutual Reserve, 97 Va. 60; State ex rel. Hartford Life Ins. Co. v. Shain, 254 Mo. 78. (2) The issue as to the right and propriety of maintaining the mortuary fund and the amount that could properly be held in such fund was involved in the Connecticut case and in the case at bar. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662; Southern Pacific Co. v. United States, 168 U. S. 1; Klein v. Insurance Co., 104 U. S. 88. (3) The circuit court denied full faith and credit to the decree of the Connecticut court in the Dresser case by its assumed finding as a fact, without support in the evidence and against the evidence, that the assessment in question was excessive and illegal. Creswill v. Knights of Pythias, 225 U. S. 246; Northern Pacific v. North Dakota, 236 U. S. 585.

*S. N. Wilson, Charles Lyons* and *C. L. Ristine* for respondents.

(1)  The burden rests on the defendant to show that the assessment made under Mortality Call 142, and payable March 1, 1914, was necessary, not' excessive and legally made, in the manner prescribed by the policy sued on.   Earney v. Modern Woodman, 79 Mo. App. 640; Puschman v. Insurance Co., 92 Mo. App. 640; Hannum v. Waddill, 135 Mo. 153; Settle v. Insurance Co., 150 Mo. App. 520; King v. Hartford Life Ins. Co., 133 Mo. App. 612; Wayland v. Indemnity Co., 166 Mo. App. 221; Johnson v. Hartford Life Ins. Co., 166 Mo. App. 275; Burchard v. Western Commercial Travelers Assn., 139 Mo. App. 606; Johnson v. Hartford Life Ins. Co., 271 Mo. 562.   (2)  If the assessment made under Call 142 was excessive, or illegal for any reason, the insured was not obliged to pay the same; for his policy could not be subjected to a forfeiture until he refused to pay a lawful demand.   Insurance Co. v. Guese, 49 Mo. 329; Settle v. Ins. Assn., 150 Mo. App. 529; King v. Hartford Life Ins. Co., 133 Mo. App. 620; Craig v. Ins. Co., 136 Mo. App. 10; Johnson v. Hartford Life Ins. Co., 166 Mo. App. 261; Johnson v. Hartford Life Ins. Co., 271 Mo. App. 562; Wayland v. Indemnity Co., 166 Mo. App. 221.   (3)   The item of $1.25 for a tax paid on premiums to the State of Missouri, included in the amount assessed under Mortality Call 142, was an illegal charge by defendant.   R. S. 1909, sec. 7099;   Northwestern Masonic Aid Assn. v. Waddill, 138 Mo. 628;   Westerman v. Supreme Lodge Knights of Pythias, 196 Mo. 670;   Bankers' Life Co. v. Chorn, 186 S. W. 681.;   Mass. Bonding & Ins. Co. v. Chorn, 201 S. W. 1122.   (4)  The undisputed evidence offered by defendant showed an excessive assessment was made by Call 142, hence the court committed no error in giving the instruction to find for plaintiffs. R. S. 1909, sec. 1850;   Davidson v. Hartford Life Ins. Company, 151 Mo. App. 561;   Cass County v. Insurance

Company, 188 Mo. 17; Wolff v. Campbell, 110 Mo. 120; Gannon v. Gas. Co., 145 Mo. 518; Foster v. Ry., 112 Mo. App. 73. (5) The only Federal question that can arise in this case is whether the trial court gave full faith and credit to the decree of the Connecticut court in the case of Dresser et al v. Hartford Life Insurance Company. All other points are governed by the Missouri statutes and decisions. Hartford Life Insurance Co. v. Ibs, 237 U. S. 662.

BOND J.—Plaintiffs are the children and heirs at law of J. J. Fulkerson (who died June 6, 1914) and the beneficiaries of a policy of insurance for three thousand dollars, issued to him on October 7, 1892, for the amount of which they asked judgment.

The defendant is a Connecticut corporation, licensed to transact the business of life insurance under the laws of this State, and in defense of its refusal to pay the amount of the policy avers that on January 30, 1914, it duly assessed the assured, J. J. Fulkerson, by computing the amount of said assessment (No. 142) by the method precribed in its contract with him, and adding to this computation a tax thereon, making a total of $61.47; that notice thereof was sent by mail on that date to the address of the assured, and in addition thereto and by the same notice, it demanded of assured the payment of $2.25 as dues for the quater ending May 30, 1914; that the assured failed to pay said dues and said assessment on or before March 1, 1914, or on March fifth or twentieth, thereafter, at which dates defendant was willing to accept payment, and that assured has never at any time paid said assessment and quarterly dues, thereby terminating the policy of insurance or certificate of membership issued to him by defendant.

Defendant further avers that the purpose of said assessment was to create a "Mortuary Fund" referred to in the certificate sued on; that such certificate is payable only out of said Mortuary Fund, and defendant

is not otherwise liable for the indemnity provided by said certificate; that defendant is trustee of said fund for the beneficiaries of said certificate; that a court of competent jurisdiction in the State of Connecticut in a suit brought in that State by persons holding certificates similar to the one in suit, has adjudicated the rights of the holders of such certificates and that a copy of the judgment and proceedings of said court is attached, as an exhibit, to its answer; "that under the Constitution of the United States, full faith and credit must be given to the judgments and decrees of the courts of Connecticut; that under the terms of said trust as construed and adjudicated by said courts, defendant is without authority to pay out of said Mortuary Fund the amount of any certificate of membership, where, as in the case of J. J. Fulkerson, the member has failed or refused to pay the assessment levied against him to maintain such fund. Wherefore, defendant shows to the court that it is not liable to plaintiffs in this case, and prays to be dismissed with its costs."

Under a peremptory instruction the jury returned a verdict of $3265; from which defendant duly appealed to this court upon the theory that a Federal question is involved.

The decree in the Connecticut court and all the proceedings culminating therein, were admitted in evidence on the trial of the present case without objection. That they are entitled to full faith and credit in the courts of this State, whenever relevant to any issue before them, is the mandate of the Constitution and has been recently affirmed by the Supreme Court of the United States. [Hartford Ins. Co. v. Barber, 245 U. S. 146.] The points ruled in that case were that it was within the province of the Connecticut court to determine the rule of assessments under the charter of the company and the method by which they can be made. In the case then under review, this court had held that a particular assessment complained of

was void for excess in amount and because not made directly by the board of directors of the company. The Supreme Court of the United States held, however, on a writ of error from the judgment of this court, that the conclusions of this court on these points were erroneous and were predicated upon a failure to give full faith and credit to the method of assessment prescribed by the decree of the Connecticut court. Neither of these questions is presented by the appeal in the present case. Nor did the learned trial court in its consideration of the decree of the Connecticut court, in any respect, fail to give it full faith and credit as determinative of the rights of the parties concluded thereby.

The learned trial judge in the present case instructed the jury to bring in a verdict for the plaintiff for the amount of the policy in suit and interest thereon. His decision in that respect may well consist with full compliance with the rule as to assessments and the designation of parties by whom they are to be made in the decision and judgment of the Connecticut court. For if it be conceded for argument, that the portion of the assessment (Call 142) intended for the benefit of the Mortuary Fund of the defendant insurance company was in all respects computed and ascertained as prescribed by the Connecticut court, yet that concession does not affirm the correctness of the action of defendant in *adding* to such assessment $1.25 as a tax due the State of Missouri; for the Connecticut court did not rule on that point. Hence the propriety of making that addition to the assessment presents a question outside the scope of the adjudication of the Connecticut court. The defendant had no legal right to increase its assessment for the Mortuary Fund, by adding thereto the amount of this tax and demanding payment of both. No such tax was demandable, under the statutes and decisions of this State, by any company doing business on the assessment plan. [R. S. 1909, sec. 6959, last clause, and Sec. 7099; Masonic Aid Assn. v. Waddill, 138 Mo. 62; Westerman v. Knights of Pythias,

196 Mo. 670; Bankers' Life Co. v. Chorn, 186 S. W. 681;
Mass. Bond & Ins. Co. v. Chorn, 201 S. W. 1122.] These
statutes and their construction, meaning and effect
are now and were the adjudged law of this State at
the time of the issuance of the policy in suit.  To the
extent that the assessment against the policyholder
was augmented by the inclusion therein of $1.25 as a
tax due the State of Missouri, it was illegal and invalid.
No such exaction was demandable then or theretofore
of the policyholder.  It is the law of this State that
where an insurance company reserves the power in
its policies as was done in the present case, to forfeit
for non-payment of assessments and dues, it must, in
order to avail itself of that drastic provision, allege and
prove that the aggregate amount demanded of the
policyholders was legal and correct and that upon due
notice he failed to make payment thereof.  As was
well stated by the Court of Appeals, "a certificate
holder in an assessment company or association of whom
an excessive assessment is demanded, is not required
to tender a sum equivalent to a legal assessment in
order to prevent a forfeiture, but may stand on his
right to refuse to acknowledge any liability to respond
to such illegal assessment.  He cannot be put in wrong
until he rejects or neglects a lawful demand." [King
v. Ins. Co., 133 Mo. App. 620 et cases cited; Pac. Mut.
Ins. Co. v. Guse, 49 Mo. 329.]  At the time the mortu-
ary assessment and the Missouri tax were demanded
of the policy holder, a demand was also made upon
him for the payment of quarterly dues of $2.25, creat-
ing a total demand of $63.72.  As this amount is in-
fected with an illegal demand as to the state tax (not
to mention an overcharge of ten cents as a collection
fee for the payment of a former assessment through a
bank) the refusal to pay this aggregate amount was
not a ground for forfeiture of the insurance of the
father of the plaintiffs.

The judgment of the trial court, however, should
have been diminished by a deduction therefrom of

that portion of the demand which represented simply the assessment for the Mortuary Fund, and it should have been further limited to the enforcement thereof out of the Mortuary Fund as provided in the contract of insurance. To the extent thus indicated, the judgment of the trial court was erroneous, and unless plaintiffs will consent to a modification thereof as herein directed within ten days, the judgment of the trial court will be reversed and the cause remanded. It is so ordered.

All concur, except *Woodson, J.,* not sitting.