## ROSA BARBER v. HARTFORD LIFE INSURANCE COMPANY, Appellant.

### Division One, July 9, 1919.

1. **INSURANCE: Res Adjudicata: Decision of U. S. Supreme Court: Assessment: State Tax.** Only such questions as were before the court and were decided by it upon writ of error become the law of the case by force of its judgment therein. A decision of the Supreme Court of the United States holding that the Supreme Court of Missouri, in passing on the validity of certain assessments by an insurance company organized under the laws of Connecticut, had not given full faith and credit to certain public acts and judicial proceedings of the State of Connecticut, was not an adjudication of the validity of that portion of each assessment, in-

cluding the one on which the alleged forfeiture was based, which included a state tax of two per cent of the amount thereof, nor of that portion of the unpaid assessment which contained a charge of quarterly expense dues not yet due; for the former judgment of the Supreme Court of Missouri was based on no such grounds, but was simply against the validity of the assessment and the forfeiture of the certificate for non-payment, and the question of the right of the company to include the state tax as a part of said assessment, and to declare a forfeiture for its non-payment, is one arising under a state statute, of which the Supreme Court of the United States could take no cognizance upon a writ of error, it being the rule of that court to leave to the state courts the duty of ascertaining and determining the contractual relations of parties dependent solely upon a state law; and, besides, that court did not attempt to determine the validity of assessments which included the state tax.

2.  REVERSAL OF JUDGMENT: Remand for Retrial: Further Procedure.  When a judgment is reversed by the Supreme Court and the cause is remanded for a new trial, the trial court has jurisdiction, not only to retry the issues of fact presented by the pleadings in the first trial in accordance the principles announced in the judgment of reversal, but also to reframe those issues as provided by the Code of Civil Procedure; for a retrial does not mean a mere replica of the former trial, but is a trial in the light of the experience and knowledge acquired in the interval.

3.  INSURANCE: Assessment: State Tex as Part.  An assessment which includes as a part thereof the two per cent tax mentioned in Section 7099, Revised Statutes 1909, is void, and its non-payment constitutes no ground for a forfeiture of the certificate of insurance.

4.  ———: ———: ———: Doing Business As Old-Line Company. The fact that defendant, since it issued the certificate of insurance, has ceased to issue certificates on the assessment plan and is now doing its assessment business without a special license therefor, but is doing business simply as an old-line joint-stock company, does not affect the substantial rights of the parties to an action on the certificate, nor relieve it of the wrong of including the two per cent tax in the assessments.

5.  ———: ———: ———: Smallness of Tax.  The fact that the tax improperly included in the insured's assessment amounted to only fifteen cents on each assessment, and that the entire mortuary fund to which it accrues belongs to the certificate-holders, is no ground for upholding an attempted forfeiture of the certificate, where the insured, prior to the attempted cancellation, not only paid illegal exactions amounting to nearly, if not quite, the amount of his alleged delinquency, but also paid a considerable sum into a fund which is held for distribution among living certificate-

holders when the amount thereof in force shall have been reduced to one million dollars.

6. ———: ———: **Forfeiture.** The law abhors a forfeiture, and this aversion has resulted in the rule that it may be prevented by a construction as technical as that by which it is invoked.

7. ———: ———: **Damages: Attorney's Fees.** The fact that when the case was before the court on a former appeal it committed error which caused a reversal of its judgment by the Supreme Court of the United States, did not affect the right of plaintiff to damages for vexatious delay and attorney's fees on a retrial.

Appeal from Johnson Circuit Court:—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*Jones, Hocker, Sullivan & Angert, Geo. F. Haid* and *James C. Jones, Jr.,* for appellant.

(1) The Connecticut court was a court of competent jurisdiction to determine the question of the right of the company to maintain the mortuary fund, and its decree was binding upon the company and all its members. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662; Royal Arcanum v. Green, 237 U. S. 531; Hartford Life Ins. Co. v. Barber, 245 U. S. 146; Condon v. Mutual Reserve, 89 Md. 99; Taylor v. Mutual Reserve, 97 Va. 60; State ex rel. Hartford Life Ins. Co. v. Shain, 254 Mo. 78. (2) The issue as to the right and propriety of maintaining the mortuary fund and the amount that could properly be held in such fund was involved in the Connecticut case and in the case at bar. Hartford Life Ins. Co. v. Ibs, 237 U. S. 662; Southern Pacific Co. v. United States, 168 U. S. 1; Klein v. Insurance Co., 104 U. S. 88. (3) The circuit court denied full faith and credit to the decree of the Connecticut court in the Dresser case by its assumed finding as a fact, without support in the evidence and against the evidence, that the assessment in question was excessive and illegal. Creswill v. Knights of Pythias, 225 U. S. 246; Northern Pacific v. North Dakota, 236 U.

S. 585. (4) All questions presented at the second or last trial were before the trial court on the first trial and appeared in the record on the former appeal in the Supreme Court of Missouri and the Supreme Court of the United States and the judgment of the Supreme Court of the United States became *res judicata* upon all matters and questions appearing in the record. United States Trust Company v. New Mexico, 183 U. S. 535; Chaffin v. Taylor, 116 U. S. 567; Tyler v. Maguire, 17 Wall. 283; Pitkin v. Shacklett, 117 Mo. 548; Hill v. Draper, 37 S. W. 574; Castleman v. Buckner, 202 S. W. 681; Illinois Life Ins. Co. v. Wortham, 119 S. W. 802; Clark v. Brown, 119 Fed. 130; McLure v. Bank, 263 Mo. 135. (5) The assessments collected by Hartford Life Insurance Company in Missouri were subject to the two per cent tax upon all premiums collected in the State. Sec. 7068, R. S. 1909, as construed by the trial court, imposes its penalties for failure to pay a policy of life insurance regardless of the good faith of the defense, and so construed, it deprives the defendant of its property without due process of law. Supreme Ruling v. Snyder, 227 U. S. 497; Ry. Co. v. Chicago, 166 U. S. 226.

*Robert Kelley, M. D. Aber, Nick M. Bradley* and *Charles E. Morrow* for respondent.

(1) The burden was on defendant to show that the assessment was necessary, not excessive and legally made. Barber v. Hartford Life Insurance Co., 269 Mo. 21; Hannum v. Waddill, 135 Mo. 153; Barney v. Modern Woodmen, 79 Mo. App. 385; Agnew v. A. O. U. W., 17 Mo. App. 254; Puschman v. Insurance Co., 92 Mo. App. 640; Johnson v. Hartford Life Ins. Co., 166 Mo. App. 275; King v. Hartford Life Ins. Co., 133 Mo. App. 612; Wayland v. Indemnity Co., 166 Mo. App. 221; Settle v. Ins. Co., 150 Mo. App. 520; Ibs v. Hartford Ins. Co., 121 Minn. 310. (2) The assessment is excessive and void. It was not calculated, computed or levied in accordance with the terms of the

policy. (a) It contained a two per cent tax, not assessed by the company, against the assured, attempted to be collected in advance, in violation of the provisions of the terms of the policy, which was not shown was even levied and assessed by the Superintendent of Insurance, and which, under the law of Missouri, could not be levied against the assessment and was an illegal charge against assured. R. S. 1909, sec. 7099; Northwestern Masonic Aid Assn. v. Waddill, 138 Mo. 628; Westerman v. Supreme Lodge, 196 Mo. 670; Bankers Life Company v. Chorn, 186 S. W. 618; Young v. Hartford Life Ins. Co., 277 Mo. 694. (b) The dues were not payable until October, 1910, and the dividend of $1.40, in the defendant's hands, should have been applied in reduction of the assessment, and it is excessive on that account. (3) The defendant wrongfully collected from assured two per cent on all the assessments he had paid on the policy, covering a period of seventeen years, amounting to more than the assessment in question, and defendant was indebted to assured for the amount so wrongfully collected, and should have applied it to the assessment or to reduce it. National Council of Junior Order v. Thomas, 163 Ky. 364; Citizens Life Ins. Co. v. Boyle, 139 Ky. 1; Niblick on Benefit Societies, sec. 71. (4) By amending its answer, after this case was reversed and remanded, and pleading the failure to pay a subsequent assessment, due June 1, 1910, the defendant waived the alleged forfeiture for failure to pay the prior assessment for which it claims the policy was forfeited. Beatty v. Mutual, etc., Ins. Co., 75 Fed. 65; Murray v. Home Benefit Life Assn., 90 Cal. 402; Union Central Life Ins. Co. v. Jones, 17 Ind. App. 592; Union Central Life Ins. Co. v. Woods, 11 Ind. App. 335; Union Central Life Ins. Co. v. Spinks, 119 Ky. 261; Moreland v. Union Central Life Ins. Co., 104 Ky. 129; Union Central Life Ins. Co. v. Moreland, 56 S. W. 653; Union Central Life Ins. Co. v. Duvall, 46 S. W. 518; National Life Ins. Co. v. Reppand, 81 S. W. 1012; Insurance Co. v. Springgate,

129 Ky. 627; Assurance Soc. v. Ellis, 147 S. W. 1152; 25 Cyc. 871. No notice of the subsequent assessment was given assured. Besides, the defendant claimed a forfeiture for failure to pay assessment due March 1, 1910, before suit, and on that ground only. Thereby, as a matter of law, it waived its right to claim a forfeiture on any other ground. Burges v. Ins. Co., 114 Mo. App. 180; Home Ins. Co. v. Pierce, 75 Ill. 426; Moore v. National Acc. Soc., 38 Wash. 31. (5) The defendant did not show that the notice of the assessment was ever mailed. It cannot be proven by affidavit. Patterson v. Fagan, 38 Mo. 70; 2 C. J. 373. The stipulation in the policy, providing that a certificate of the secretary, supported by the affidavit of the person who mailed the notice, should be conclusive proof, is inconsistent with the impartial course of justice, as administered under the law of Missouri, and is against public policy and void. Hope Mutual Ins. Co. v. Flynn, 38 Mo. 483; 13 C. J. sec. 382, p. 46; French v. Willer, 126 Ill. 611; Hamilton v. Schoenberg, 47 Iowa, 2385; Supreme Council v. Forsinger, 125 Ind. 52; Fidelity & Casualty Co. v. Eickhoff, 63 Minn. 170; New York Fidelity, etc., Co. v. Crays, 75 Minn. 450; Guaranty Co. of North America v. Charles, 92 S. C. 282; Mutual Reserve Fund Assn. v. Cleveland Woolen Mills, 82 Fed. 580; Doyle v. Continental I. & S. Co., 94 U. S. 535; Home Ins. Co. v. Morse, 20 Wall. (U. S.) 445; Mute v. Hamilton Ins. Co., 6 Gray (Mass.), 174; Buell v. Railroad, 53 N. Y. Supp. 749. (6) The dues under the policy were not payable until October, 1910, and defendant cannot forfeit the policy for failure to pay them before that date. Barber v. Hartford Life Ins. Co., 269 Mo. 40. (7) The Supreme Court of the United States reversed this case for the sole reason, as stated in its opinion, that the decisions of this court, affirming the judgment of the trial court, failed to give full faith and credit to the Connecticut decree, and that this error inhered in the instructions to the jury. It remanded this cause for

21—279 Mo.

further proceedings, not inconsistent with the opinion of this court. In obedience to this mandate, this court reversed the judgment and remanded this cause generally for a new trial. (8) The opinion of the Supreme Court of the United States did not hold the assessment in this case to be valid, nor did it decide the questions presented to the trial court, and presented here. On the contrary, the opinion of the Supreme Court of the United States recognized that there were both questions of law and fact left open in the case. The defendant, realizing this, amended its answer, setting up a new defense, and the plaintiff filed a reply thereto, pleading new and additional defenses, and the issues were changed. By so doing, defendant waived the question that the case was not properly remanded for a new trial and that questions were not left open to be determined by the trial court. Carrico v. Lilly, 3 O. K. Marsh (Ky.), 389; Howell v. Sherwood, 242 Mo. 513. (9) By remanding this cause generally for a new trial, without specific directions, this court gave the parties the right to amend their pleadings, and make any legal claim or defense, not concluded by the opinion of the United States Supreme Court. Wilcox v. Phillips, 260 Mo. 676. (10) Only such questions as were passed upon by the Supreme Court of the United States became the law of this case. That decision cannot be extended to matters not decided. In re Potts, 166 U. S. 263; Mutual Life Ins. Co. v. Hill, 193 U. S. 551; Ex parte Union Steamboat Co., 178 U. S. 317; In re Sanford Fork & Tool Co., 160 U. S. 247; Barney v. Winona Railroad Co., 117 U. S. 228; Tanizer v. Railroad, 191 Fed. 547; Gwinn v. Waggoner, 116 Mo. 151; Howell v. Sherwood, 242 Mo. 513. (11) By reversing this case on one ground, the Supreme Court of the United States did not consider and decide all the questions presented or which might arise at a further trial of the cause. Mutual Life Ins. Co. v. Hill, 193 U. S. 551. (12) Sec. 7008, R. S. 1909, as amended, providing for damages and attorney's fees, for vexatious refusal to pay a policy of life in-

surance, is constitutional. Barber v. Hartford Life Ins. Co., 269 Mo. 21; Keller v. Home Life Ins. Co., 198 Mo. 440; Farmer Ins. Co. v. Dobney, 189 U. S. 301; Fraternal Mystic Circle v. Snyder, 227 U. S. 497; Manhattan Life Ins. Co. v. Cohen, 234 U. S. 123; Fidelity Mutual Life Assn. v. Mettler, 185 U. S. 308; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335; Williamson v. Liverpool, etc., Ins. Co., 141 Fed. 54.

BROWN, C.—This is a suit founded upon a certificate of life insurance upon the life of Frank Barber for $2000 for the benefit of plaintiff, then his wife and now his widow. It is dated September 4, 1893. Mr. Barber died June 5, 1910. The defendant, which issued the certificate, was then and still is an insurance company incorporated and having its principal place of business in Connecticut and doing business in Missouri. When this certificate was issued, and for a long time before and ever since, it has been doing business in this State as a stock company, issuing old-line insurance, and has also operated what is called a "Safety Fund Department," which issued certificates on the assessment plan until 1899, when it ceased issuing such policies, but continued to administer that department with respect to the certificates already issued. Barber complied faithfully with the conditions of his certificate up to March 31, 1910, when it was cancelled by the defendant on the alleged ground that he had failed to pay a mortuary assessment and a contribution to the expense fund then due and payable according to its terms.

This suit was instituted June 17, 1911, and was tried in the Johnson Circuit Court, where plaintiff had judgment upon a verdict for the amount of the face of the certificate with interest, $200 damages for vexatious delay, and $500 for attorney's fees. An appeal from that judgment was prosecuted to this court, where, on July 3, 1916, it was affirmed in an opinion published in 269 Mo. 21. In that opinion the principal facts, in-

cluding the provisions of the certificate applicable to them, were fully stated and will not be repeated here, but will be referred to as necessary to the understanding of the questions now before us.

A writ of error from the Supreme Court of the United States was directed to this court, upon which our judgment was taken to that court for review upon certain matters wherein it was asserted that full faith and credit had not been given to certain public acts and judicial proceedings of the State of Connecticut. This referred to the power and duty of the directors under its charter in making mortuary assessments upon the certificates issued by the Safety Fund Department, and a judgment of a Connecticut court in a suit by one Dresser, on behalf of himself and all such certificate holders, in which it was adjudged that the Safety Fund Department had the right to maintain, by assessment, a fund for the prompt payment of losses, to be replenished by assessments for such losses when made and collected. The cause was heard in said court and our judgment reversed upon the last stated of these Federal questions in an opinion printed in volume 245 of the reports of said court at page 146 and following, which closes with the following words: "We are of opinion that full faith and credit was not given to the Connecticut record and that for that reason the present judgments must be reversed." It also said, in the course of the opinion, that "a jury would have been justified, at least, in finding that the call was made by the directors within the meaning of the instructions, although it did not appear that the directors went over the figures of the officers who made it up, and voted it specifically." The judgment and mandate of the court concludes as follows:

"And it is further ordered that this cause be, and the same is hereby remanded to the said Supreme Court for further proceedings not inconsistent with the opinion of this court. November 19, 1917.

"And the same is hereby remanded to you, the said judges of the said Supreme Court of the State of Missouri, in order that such execution and further proceedings may be had in said cause, in conformity with the judgment and decree of this court above stated, as, according to right and justice, and the Constitution and laws of the United States, ought to be had therein, the said writ of error notwithstanding."

Upon receiving the mandate this court entered and transmitted to the Johnson Circuit Court the following mandate:

"Now, at this day, pursuant to the mandate of the Supreme Court of the United States, heretofore filed herein, reversing the judgment of this court in said cause, it is ordered by the court that the judgment of this court in said cause, entered on the 30th day of March, 1916, affirming the judgment rendered herein by the said Circuit Court of Johnson County, be, and the same is hereby set aside and for naught held. It is further considered and adjudged by the court, in conformity with the said mandate of the Supreme Court of the United States, that the judgment aforesaid of the said Circuit Court of Johnson County, rendered on the 27th day of November, 1912, be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which it has lost by reason of the said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said Circuit Court of Johnson County for a new trial. And it further appearing to the court that on the 28th day of June, 1918, the court made and directed the entry of an order overruling a motion therefor filed by the said appellant to tax the costs herein, no order is therefore made adjudging costs."

In pursuance of this mandate the cause was retried and the judgment rendered for the amount of the certificate and interest, with statutory damages and

attorney's fee for vexatious delay, from which this appeal is taken.

I.   At this trial it was shown, both by the defendant's amended pleadings and the evidence, that in each assessment made by the defendant upon this certificate, including the one on which the alleged for-

Res Adjudicata. feiture is based, a sum was included representing a state tax of two per cent upon the amount thereof. The sums so paid amounted in all to $11.93, and defendant undertook to justify its exaction under the provisions of Section 7099, Revised Statutes 1909, as in force, in different forms, during the entire life of this certificate.   The amount so included in the unpaid assessment was fifteen cents and its inclusion was and is assigned by the plaintiff as a ground for avoiding the forfeiture.   The assessment on which the cancellation is based also contained a charge of $1.50 for quarterly expense dues, which the plaintiff asserts was not yet due.

The defendant at the trial objected to the consideration of each of these matters on the ground that they had been already determined by the judgment of the Supreme Court of the United States to which we have referred.   The theory of this objection, so far as we are able to understand it, is that the reversal conclusively adjudicated that the certificate was in force at the former trial in the circuit court; otherwise, the judgment should have been affirmed, notwithstanding the errors found in the record with respect to the Federal questions on which the writ of error stood.

Although there was some evidence in the former trial that some such tax had been included in the assessment in question, no such point was made either in the pleadings or at the trial, or mentioned or decided by this court, which placed its affirmance solely upon the two Federal questions upon which the writ of error from the United States Supreme Court was based.   Our judgment was *against* the validity of the assessment

and the forfeiture by its non-payment. It implied nothing in its favor. The matter now before us is purely a question arising under the laws of this State, of which the Supreme Court of the United States could take no cognizance upon writ of error. [Waters-Pierce Oil Co. v. Texas (No. 1), 212 U. S. 86, 97, 112; Same v. Same (No. 2), 212 U. S. 112, 118; Sauer v. City of New York, 206 U. S. 536, 546; Eustis v. Bolles, 150 U. S. 361; Murdock v. Memphis, 20 Wall. 590; Cohens v. Virginia 6 Wheat. 264.] These and many other cases which, follow the Cohens case, supra, have established the rule which is forcibly and logically stated by Mr. Justice MOODY in the Sauer case as follows (p. 547): "This court, whose highest function it is to confine all other authorities within the limits prescribed for them by the fundamental law, ought certainly to be zealous to restrain itself within the limits of its own jurisdiction, and not be insensibly tempted beyond them by the thought that an unjustified or harsh rule of law may have been applied by the State courts in the determination of a question committed exclusively to their care." It was further said by the same eminent judge in the same case (p. 545): "This court does not hold the relation to the controversy between these parties which the Court of Appeals of New York had. It was the duty of that court to ascertain, declare and apply the law of New York, and its determination of that law is conclusive upon this court." It is clear that if the question now presented, which is clearly dependent solely of the construction and effect of a tax law of this State and the contractual relations with reference thereto of the parties to a Missouri contract was decided by this court in the former case, then the Supreme Court of the United States had no jurisdiction and did not intend by its judgment to adjudicate to the contrary.

Even had the question now brought before us been a Federal question it would have been eliminated from the case in the former appeal by our action in basing our affirmance upon other grounds. [Waters-Pierce Oil

Co. v. Texas (No. 1), supra; Missouri, Kansas and Texas Ry. Co. v. Ferris, 179 U. S. 602; Harrison v. Morton, 171 U. S. 38; Glue Company v. Glue Company, 187 U. S. 611.] Only such questions as were before the Supreme Court of the United States and were decided by it became the law of the case by force of its judgment. Its opinion in express terms confines its decision entirely to the two Federal questions, to which we have already referred, and places its judgment upon the sole ground that, in our judgment, we failed to give full faith and credit to the Connecticut record in the Dresser case. We are without authority to extend the force and effect of that decision to other questions of which that court had no jurisdiction and did not attempt to determine. [In re Potts, Petitioner, 166 U. S. 263; Mutual Life Insurance Co. v. Hill, 193 U. S. 551; Ex parte Union Steamboat Co., 178 U. S. 317; In re Sanford Fork and Tool Co., 160 U. S. 247; Barney v. Winona Ry. Co., 117 U. S. 228.]

Our judgment remanding the cause to the Johnson Circuit Court for retrial was in full accord with the mandate of the Supreme Court of the United States, and gave the trial court full jurisdiction, not only to retry the issues of fact presented by the pleadings in the first trial in accordance with the principles announced in the judgment and opinion of the Supreme Court of the United States, but also to reframe those issues as provided by our Code. A retrial does not mean a mere replica of the former trial, but is a trial, as the term implies, in the light of the experience and knowledge which may have been acquired in the interval. This question was fully discussed by us in Wilcox v. Phillips, 260 Mo. l. c. 676, 677-8.

II. The real question upon which this case seems to have turned in the trial court is whether or not, by the terms of this certificate, the insurance was forfeited by the failure of the insured to pay the assessment made as of March 1, 1910. It is admitted that

Including Tax As Part of Assessment.          this assessment, as well as all other quarterly assessments made to pay losses since the issue of the certificate in September, 1893, included a charge for taxes assessed or to be assessed by and paid to the State of Missouri by the defendant under the following provision of the contract: "If the laws of any country, State, county or municipality shall require a tax to be paid by said company on account of such payments, then the mortality calls thereon shall be determined so as to cover such tax." It is contended by defendant that the law of the State of Missouri now embodied in Section 7099, Revised Statutes 1909, requiring the payment of a tax of two per cent upon premiums received on account of business done in this State, also required the payment of a tax similar in amount on all mortuary assessments made and collected from the holders of certificates or policies issued on the assessment plan, and that such liability of the insurer would constitute a valid charge against the insured under the terms of this certificate. In this way the defendant had, during the life of this policy, assessed and collected from Barber upon its quarterly assessments $11.93 as tax required by the laws of this State. In no case, nor at any time, had it been revealed to him by the form of the notice of such assessment or otherwise, that it included any such item or was made upon that plan. We cannot assume that he was advised by law of an unlawful charge, nor of fact which was not disclosed by the data in his possession. The assessment in question included the tax which, upon defendant's theory, was afterward to be paid to the State. The question is whether this tax was *exacted by the State* by the statutory provision above cited.

It is unnecessary, in view of the former decisions of this court, to elaborate this question otherwise than by citing those cases. The word "premium," in its application to insurance contracts, has a well settled meaning. The meaning of the word "assessment" in

the same connection is equally well understood. It is upon this distinction that life insurance is divided by our Legislature into two general classes or plans, called the stipulated premium plan (Sec. 6963, R. S. 1909) and the assessment plan (Sec. 6950 Id.). As early as the October term, 1896, this court had before it the same question in Masonic Aid Association v. Waddill, 138 Mo. 628. Referring to the taxation of assessment companies under this same provision we said: "To hold that moneys received by them as '*assessments*' under this plan are '*premiums*' within the meaning of Section 2 (5958), which is now one of the 'provisions or requirements of the general insurance laws of this State,' would not only be to confound terms and disregard the well defined distinction made between them by the statute as a whole, but to ignore or directly contravene this proviso of Section 5869." These references are to the Revised Statutes of 1889. The same question was last before us in Young v. Hartford Life Insurance Company, 277 Mo. 694, in which the intermediate decisions of this court and the Courts of Appeals were cited, and the cause disposed of by holding that the assessment including the two per cent tax was void, and that its nonpayment constituted no ground for the forfeiture of the insurance. This case is peculiarly applicable, the certificate having been issued against the same fund as the one now in question, and upon the same terms with reference to forfeiture by non-payment of assessments.

These cases are founded upon a marked legislative distinction between a tax upon a burden resting upon the insured, in which the insurer can have no interest, but is a mere conduit between him and his associates, and the ordinary excise tax upon the receipts from the business of an insurer from which its profits are derived. In this case, which is a typical one, a separate payment is exacted from the insured for expenses which necessarily includes the profits of the company, while

the tax is recouped from the mortuary assessment alone. These simply represent a mutual burden.

While the legislative policy requires no justification, we think it stands on solid ground.

III. The defendant makes the point that it is doing this assessment business without a special license therefor, but simply as an old-line joint-stock company.

Makeshift. Appropriating the language of the Supreme Court of the United States in the same case, we are inclined to consider this a mere makeshift, which adds nothing to the substantial basis of this case. Whatever profit it may have made from its wrong must bear the burden of the resulting loss.

IV. The defendant has asked with much earnestness for our consideration of the fact that in the assessment involved in this case the tax amounted only to fifteen cents, and insists that the entire mortuary fund to which it accrues belongs to the certificate-holders, and

Small Tax. that it is inequitable therefore to sustain this certificate against its attempted cancellation. We see no force in this contention. The law, it is said, abhors a forfeiture. This aversion has resulted in the rule that it may be prevented by construction as technical as that by which it is invoked. In this case the deceased has not only paid illegal exactions amounting to nearly, if not quite, the amount of his alleged delinquency, but has paid a considerable sum into a fund which is held for distribution among living certificate-holders when the amount of insurance in force shall have decreased to one million dollars. The defendant ceased to issue this class of insurance in 1899, and the time of distribution is rapidly approaching. While equities are not available in cases of this character, we can see no equity in the defendant which can call for mitigation of the legal rule. We have referred to this question in greater detail in Barber v. Hartford Insurance Company, supra, and Young v. Hartford Life Insurance Company, supra.

V. We see nothing in the fact that we, when the cause was first before us, committed error in the decision of the Federal question upon which our judgment was reversed, which affects the right of plaintiff to damages and attorney's fees. We think the question was properly and fairly submitted. [Barber v. Ins. Co., 269 Mo. l. c. 42, and cases cited.]

Attorney's Fees.

Holding, as we do, that the certificate sued on was not by its terms subject to cancellation for failure to pay the assessment in question and finding no other error in the record, we affirm the judgment of the Circuit Court for Johnson County. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court; *Blair, P. J.,* and *Bond* and *Graves, JJ.,* concur.