STATE of Alaska, Appellant,

v.

Dewey SKAN, Jr., Appellee.

No. 1787.

Supreme Court of Alaska.

July 16, 1973.

John E. Havelock, Atty. Gen., Juneau, Harold M. Brown, Dist. Atty., Ketchikan, for appellant.

Richard L. Whittaker, Ketchikan, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

PER CURIAM.

In this case the state appeals from the dismissal of the indictment for burglary against appellee Dewey Skan, Jr.

The trial court dismissed the indictment against Skan because "the Grand Jury returned the indictment based upon uncorroborated hearsay statements of an alleged accomplice." The only evidence presented to the grand jury concerning appellee Skan's alleged participation in the burglary were the statements made by an alleged accomplice, Marvin George, which were reported to the grand jury by State Trooper Reith.[1] This court is asked to determine if the evidence presented to the grand jury is sufficient to support the indictment against Dewey Skan. We have held that an indictment may be validly based on hearsay testimony[2] or upon the testimony of an accomplice.[3]

However, in Taggard v. State, 500 P.2d 238 (Alaska 1972), we set out a two-step analysis to be used in examining a record of a grand jury proceeding when

1. The contents of the statement of Marvin George are set forth in the companion case of State v. George, Op. No. 905, 511 P.2d 1293, p. 1294, n. 4 (Alaska 1973).

2. State v. Parks, 437 P.2d 642, 645 (Alaska 1968).

3. Merrill v. State, 423 P.2d 686, 695 (Alaska 1967).

there is a challenge to the sufficiency of the evidence supporting the indictment. The first step is to determine

> whether the evidence presented a sufficiently detailed account of criminal activity and the defendant's participation in this activity so that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense. (Footnote omitted.) *Id.* at 242.

This prong is satisfied in the case at bar because the alleged criminal activities of Skan were described in adequate detail.

■ To satisfy the second prong, evidence must be presented to the grand jury whereby it can evaluate the hearsay statement of the declarant to determine its reliability. As in *Taggard,* the evidentiary basis for the indictment in the case at bar is insufficient because it did not meet the requirements of this second test.

■ In the instant case, George's hearsay statements seemed to be conflicting and based in part upon his self-interest in reducing his own criminal role.[4] When it was read to the grand jury by the state trooper, there was no opportunity to correct or explain these inconsistencies. The prosecutor presented no evidence to verify any aspects of George's hearsay testimony as they related to the role of Skan in the

alleged burglary. There were no reports of anyone seeing Skan at the scene of the crime or of Skan spending an unusual amount of money after the burglary.[5] In short, the hearsay evidence lacked sufficient reliability to support an indictment.[6] Thus, the superior court judge properly dismissed this indictment and his decision is affirmed.

---

4. George seemed to be alleging that he came upon the scene when the burglary was in progress, was forced to participate, that Skan forced him to keep quiet and accept some of the fruits of the crime.

5. There is evidence to show that a third person was spending unusual amounts of money which he claimed to have received from George.

6. We have stated an indictment may in certain circumstances be based on hearsay evidence alone. Taggard v. State, 500 P.2d 238 (Alaska 1972); Burkholder v. State, 491 P.2d 574 (Alaska 1971); State v. Parks, 437 P.2d 642 (Alaska 1968). However, in this case, the prosecution gave no explanation as to why hearsay evidence was used. The American Bar Association standards discuss cases where the prosecutor believes that a grand jury witness is a potential de-

fendant. In those instances the prosecution should give

> due regard for the privilege against self-incrimination and the right to counsel requires that the prosecutor advise such a person, before seeking to require his testimony before a grand jury, that he may be implicated and that he should seek independent legal advice. American Bar Association Standards Relating to the Prosecution Function and the Defense Function § 36, at 89–90 (Approved Draft, 1971).

In the instant case there is no evidence that George was advised of his rights and refused to testify. Moreover, there is no indication that George was not readily available as a witness. Thus, even if the evidence was sufficient, this indictment would be defective without an explanation of why George was not called before the grand jury.