**Duncan Campbell WEBB, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. 2305.

Supreme Court of Alaska.

Oct. 14, 1974.

Wendell P. Kay, Kay, Miller, Libbey, Kelly, Christie & Fuld, Anchorage, for petitioner.

Stephen G. Dunning, Asst. Dist. Atty., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Anchorage, for respondent.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

PER CURIAM.

In this petition Webb seeks to review an order of the trial court denying his motion to dismiss the indictment. An original motion to dismiss was denied by the superior court prior to trial. Webb obtained a limited stay of trial from July 15 to July 18, 1974 so that he might seek a review of the denial of his motion. An application to this court for a further stay of the trial pending the filing of a petition for review and its disposition was denied by Justice Connor. Thereafter, trial commenced on

July 18, 1974, mooting the petition for review. The jury failed to reach a verdict and on August 2, 1974 a mistrial was ordered. On August 1, 1974, immediately following submission of the case to the jury, Webb renewed his motion to dismiss alleging that the indictment was based on improperly admitted hearsay testimony in violation of Criminal Rule 6(r).[1] The motion was denied. Upon being informed that the state intended to proceed with retrial, Webb filed a petition for review of the superior court's ruling of August 1, 1974 denying Webb's renewed motion to dismiss the indictment.[2]

■ In view of the facts that an extensive trial has taken place and the overruling of the order denying the motion to dismiss might prevent Webb and the state from having to undergo a second lengthy trial, we grant review. Under these circumstances, if petitioner's contentions are correct, postponement of review until normal appeal may be taken from a final judgment will result in injustice because of unnecessary delay, expense and hardship.[3] The sound policy behind the requirement that appeals be taken only from final judg-

ments is outweighed by the claim of the individual case that justice demands a present and immediate review of the particular non-appealable order.[4]

The indictment charged Webb by Count I with concealing or aiding offenders with knowledge that they had committed the felony of murder and with intent that they may avoid or escape future arrest, trial, conviction or punishment; and by Count II with compounding or concealing the crime of murder and withholding evidence of the crime. A third count was dismissed prior to trial. It is Webb's contention that the grand jury based its indictment on improperly admitted hearsay evidence.

■ We have carefully reviewed the transcript of the hearing and hold that there was adequate direct testimony to justify the indictment.[5] Moreover, the hearsay testimony was either peripheral or cumulative to direct testimony. We, therefore, do not reach the issue as to whether the hearsay testimony was improperly admitted.[6]

Petition granted and order denying motion to dismiss affirmed.

---

1. Alaska R.Crim.P. 6(r) specifies:
   (r) Evidence which would be legally admissible at trial shall be admissible before the grand jury. In appropriate cases, however, witnesses may be presented to summarize admissible evidence if the admissible evidence will be available at trial. Hearsay evidence shall not be presented to the grand jury absent compelling justification for its introduction. If hearsay evidence is presented to the grand jury, the reasons for its use shall be stated on the record.

2. The petition was filed on August 21, 1974, an extension of time having been granted.

3. Alaska R.App.P. 23(e) authorizes petitions for review:
   (e) Where postponement of review until normal appeal may be taken from a final judgment or where it will result in injustice because of impairment of a legal right, or because of unnecessary delay, expenses, hardship or other related factors.
   Relief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs necessary or appropriate to the complete exercise of this court's jurisdiction, may be obtained by petition for

review and the procedure for obtaining such relief shall be as prescribed in Part VI of these rules.

4. Alaska R.App.P. 24(a)(2) specifies:
   (a) A review is not a matter of right, but will be granted only: . . . (2) where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular non-appealable order or decision; . . .

5. Due to Webb's pending retrial, we do not consider it appropriate to detail in this opinion the evidence submitted to the grand jury.

6. McKinnon v. State, 526 P.2d 18, Opn. No. 1075 (Alaska, August 30, 1974); State v. Johnson, 525 P.2d 532, Opn. No. 1069 (Alaska, August 16, 1974); State v. Skan, 511 P.2d 1296 (Alaska 1973); State v. George, 511 P.2d 1293 (Alaska 1973); Taggard v. State, 500 P.2d 238 (Alaska 1972); Burkholder v. State, 491 P.2d 754 (Alaska 1971).