**STATE of Alaska, Appellant,**

v.

**Timothy TAYLOR and Sidney Lee Vail, Appellees.**

No. 3119.

Supreme Court of Alaska.

July 22, 1977.

Ivan Lawner, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

William P. Bryson, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellee Timothy Taylor.

Michael W. Sharon, Cole, Hartig, Rhodes, Norman & Mahoney, Kodiak, for appellee Sidney Vail.

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

DIMOND, Justice Pro Tem.

A grand jury indicted appellants, Timothy Taylor and Sidney Lee Vail, for the offenses of assault with a dangerous weapon [1] and larceny in a building.[2] The superior court granted the motion of the defendants to dismiss the indictments on the ground that the state had presented to the grand jury inadmissible hearsay testimony without a showing of compelling justification. From this dismissal, the state has appealed.[3]

The principal witness before the grand jury was Kodiak police officer Charles Bailey. Regarding the charge of assault with a dangerous weapon, Bailey testified that Vail had admitted that he and Taylor had assaulted a Mr. Gregorioff by hitting him in the face, kicking him in the ribs and cutting him with a knife.[4] Bailey then testified that Taylor had made a similar statement, in which he had admitted that he and Vail had hit and kicked Mr. Gregorioff and that Vail had cut him with a knife.[5]

---

1. See AS 11.15.220.

2. See AS 11.20.150.

3. We exercise jurisdiction to review this matter by virtue of AS 22.05.010(a), which provides in pertinent part:
   . . . An appeal to the supreme court is a matter of right, except that the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment . . . ..
   See also State v. Gieffels, 554 P.2d 460, 461 n. 1 (Alaska 1976); State v. Johnson, 525 P.2d 532, 533–34 (Alaska 1974).

4. Officer Bailey testified that Vail had stated:
   . . . that on the night in question, he and—he was at his apartment and Mr. Gregorioff [the victim] entered it and he threw Mr. Gregorioff out of the apartment at which time Mr. Gregorioff left the area. Later that morning, he and Tim Taylor observed Mr. Gregorioff walking on the side of Cherrier and King apartments, which would be Mission Road. That had had—he was in a bad mood so they assaulted the subject and drug him behind Cherrier and King where they hit him in the face with their hands and they kicked him in the side and the ribs with their boots. He further stated that he then drew out his knife and tapped Mr. Gregorioff on the head, cutting him. He states that this happened at 5:00 a. m. in the morning.

5. Officer Bailey testified that Taylor stated:
   Mr. Taylor informed me that he and Vail had been out walking around and that they were walking behind Ardinger's Music Store when they saw Mr. Gregorioff come over by the Breakers Bar. Mr. Vail made the statement to Mr. Taylor that he was going to, quote, punch him out, and Mr. Taylor stated he would help him. They then followed Gregorioff down the sidewalk to Cherrier and King at which time they drug him behind the

On the charge of larceny in a building, Officer Bailey further testified as to statements made to him by Taylor[6] and by Vail[7] in which each separately admitted to Bailey that the two had jointly broken into and robbed a cigarette vending machine in an apartment house in Kodiak.

The issue in this case as to the sufficiency of the indictments concerns Criminal Rule 6(r), which provides:

Evidence which would be legally admissible at trial shall be admissible before the grand jury. In appropriate cases, however, witnesses may be presented to summarize admissible evidence if the admissible evidence will be available at trial. Hearsay evidence shall not be presented to the grand jury absent compelling justification for its introduction. If hearsay evidence is presented to the grand jury, the reasons for its use shall be stated on the record.

The statement made by Taylor to Officer Bailey, because it constituted a confession or incriminating admission, was admissible before the grand jury against Taylor because it would be admissible at his trial, either as an exception to the hearsay rule[8] or because it would not be considered hearsay.[9] Similarly, the statement made by Vail was admissible against him. But the statements made by each of the co-defendants would be inadmissible hearsay against the other. They should not have been presented to the grand jury in the manner they were, absent some compelling justification for their introduction.[10]

Where there is a challenge to the sufficiency of the evidence supporting an indictment, we must determine:

Whether the evidence presented a sufficiently detailed account of criminal activity and the defendant's participation in

---

building, hitting and kicking him on the way. Mr. Vail then pulled out his knife and cut Mr. Gregorioff in the forehead. Mr. Taylor stated that he then cut Mr. Gregorioff twice on the hand using his knife and stated that he didn't know why Mr. Vail cut Mr. Gregorioff but that he cut him in order to shake him up. They then advised him not to contact the police or they would come back and cut him again. They then left and returned, took— asked the subject where he lived, and he said he was going to 21 Cherrier and King. They took him up there, but since they couldn't get an answer they left him laying in the hall.

6. Specifically, Officer Bailey testified that Taylor stated:

He [Taylor] stated that on the night in question, he and Mr. Vail had been drinking and they were looking for something to do. Vail asked Taylor if he wanted to help him break into the cigarette machine at Cherrier and King apartments and Mr. Taylor stated he would. Vail removed a tire tool from his apartment and they want to Cherrier and King apartments. Vail kept watch while Mr. Taylor opened the machine. They then took the Kool cigarettes and they took 4 or 5 dollars in change and put it in it [sic]. They put it in his pocket. They then took all the other nickels and other change out of the change box and placed the change box in the dumpster. They then left and went to Mr. Vail's apartment where they left the cigarettes. They then contacted Mr. Rice at the Kodiak Inn and had something to eat where they paid for what they ate with the change he had in his pocket. They then went to Mr.

Rice's room, dumped the nickels into a box and drank a few beers and left.

7. Specifically, Officer Bailey testified that Vail stated:

Mr. Vail stated that at approximately 4:30 on the morning of the 30th, he and Timothy Taylor had gone to the Cherrier and King apartments and broke into the cigarette machine which is in the lobby. They stated—he stated that they used a crowbar which they'd gotten from his apartment. They then went to the building—using this tool to get into the cigarette machine. Once the machine was opened, they removed the change and between 6 and 10 packs of Kool cigarettes. They then threw the change box in a Dipsty [ph] Dumpster behind Cherrier and King and they went to Vail's residence which is number 7, Ship's apartments, where they left— left the cigarettes which we recovered later, and then they took the crowbar and left it next to Cherrier and King on the side closest to Kodiak Motors. They then walked to Lee Jones boarding house where they dumped the nickels they had taken out of the machine into a box. They then left and were later contacted by me.

8. *Galauska v. State*, 527 P.2d 459, 464 (Alaska 1974).

9. *See* McCormick, Evidence § 145, at 311 (2d ed. 1972).

10. Alaska R.Crim.P. 6(r); *Galauska v. State*, 527 P.2d 459, 463–64 (Alaska 1974).

this activity so that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense. (footnote omitted) [11]

■ Taylor's admissions or confession as to both crimes constitute competent evidence sufficient to support the indictments against him. Similarly, Vail's admissions or confession constitute competent evidence sufficient to support the indictments against him. The fact that Taylor's admissions were inadmissible hearsay evidence as to Vail, and Vail's admissions were inadmissible hearsay evidence as to Taylor, does not change this result.

■ Even though Criminal Rule 6(r) was not complied with in that no showing was made by the state that there was some compelling justification for the presentation of hearsay evidence, we have held in the past that where there is other evidence which will justify an indictment, the use of hearsay evidence in violation of Criminal Rule 6(r) will not vitiate the indictment.[12]

The order dismissing the indictments is reversed.

ERWIN, J., not participating.

**11.** *State v. Skan,* 511 P.2d 1296–97 (Alaska 1973), quoting from *Taggard v. State,* 500 P.2d 238, 242 (Alaska 1972). *See* Alaska R.Crim.P. 6(q), which provides in pertinent part:

    The grand jury shall find an indictment when all the evidence taken together, if unexplained or uncontradicted, would warrant a conviction of the defendant.

**12.** *State v. Gieffels,* 554 P.2d 460, 462 n. 3 (Alaska 1976); *McKinnon v. State,* 526 P.2d 18, 27 (Alaska 1974); *Webb v. State,* 527 P.2d 35, 36 (Alaska 1974).