Ute PRIEST and David Priest,
Petitioners,

v.

Edwin LINDIG, Jr., M.D., Respondent.

No. 4434.

Supreme Court of Alaska.

March 16, 1979.

Lester W. Miller, Jr., Anchorage, for petitioners.

Marcus R. Clapp, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for respondent.

Before RABINOWITZ, Chief Justice, BOOCHEVER, BURKE and MATTHEWS, Justices, and DIMOND, Senior Justice.

## OPINION

DIMOND, Senior Justice.

Plaintiffs (petitioners) Ute and David Priest brought this action against defend-

ant (respondent) Dr. Edwin Lindig, Jr., for medical malpractice. After trial by jury, a verdict was returned in favor of Dr. Lindig and a judgment on the verdict was entered by the court. On appeal, this court reversed the judgment and ordered a new trial. *Priest v. Lindig,* 583 P.2d 173, 181 (Alaska 1978).

Following issuance of this court's mandate, the Superior Court entered a pre-trial order on August 23, 1978, setting the week of June 11, 1979, as the time for commencement of the new trial. In addition, the pre-trial order established various dates prior to trial to accomplish the following: the completion of discovery, the marking of exhibits, the holding of a pre-trial conference, and the filing and serving of witness lists, amendments to pleadings, pre-trial motions, proposed jury instructions, and pre-trial memoranda.

On December 11, 1978, the Superior Court, at the instance of defendant, Dr. Lindig, modified the pre-trial order. In relevant part, the court stated:

[T]he portion of the Pre-Trial Order having to do with filing the witness lists, close of discovery date and exhibit date is inappropriate to the above entitled matter and cause, consequently, that portion of the Pre-Trial Order will be deleted. No additional witnesses will be allowed to present evidence except those who are listed as witnesses at the first day of trial. No additional discovery will be allowed, and all exhibits that were submitted at the first trial will be used at the second trial.

The plaintiffs have sought interlocutory review of the trial court's modification of the pre-trial order. It is their position that the trial court was in error in thus limiting certain aspects of the pre-trial proceedings, and that this issue should be settled now, before trial, rather than upon a second appeal following a trial on the merits in the

event plaintiffs are unsuccessful in recovering a judgment against defendant.

■ We grant review. Postponement of review until an appeal may be taken following a second trial of the action would cause unnecessary delay and expense to plaintiffs. If the questions raised by plaintiffs are settled now, a further appeal may be avoided. Appellate Rule 23. We believe that this situation justifies deviation from the general rule that appeals may be taken only from final judgments and calls for an immediate, interlocutory review of the trial court's modification of its pre-trial order.[1] Appellate Rule 24.

■ When a new trial has been ordered by this court, the trial court has the discretion, in the interests of judicial economy and efficiency, to require that the new trial be governed, in substantial part, by the pre-trial proceedings that took place prior to the initial trial. However, a new trial does not mean a mere replica of the first trial. The term "new," as it modified "trial," denotes a trial different and distinct from the one that took place earlier. It constitutes a trial which must be governed to some extent by the experience and knowledge which may have been acquired in the interval between the first trial and the second one.[2]

The evidence presented at the new trial may largely consist of evidence which was introduced at the first trial. In that respect, it would be entirely appropriate to utilize the pre-trial proceedings that took place prior to the first trial. But the parties should not be limited to such proceedings. The plaintiffs, and also the defendant, may have since discovered expert and other witnesses who could provide enlightenment regarding the issues to be tried. It may be that depositions of one or more such witnesses will have to be taken because of the potential that they may not be available

1. *Modern Trailer Sales, Inc. v. Traweek,* 561 P.2d 1192, 1194 (Alaska 1977); *Webb v. State,* 527 P.2d 35, 36 (Alaska 1974); *Channel Flying Inc. v. Bernhardt,* 451 P.2d 570, 572 (Alaska 1969).

2. *Barber v. Hartford Life Ins. Co.,* 279 Mo. 316, 214 S.W. 207, 209, 12 A.L.R. 758, 762 (1919); *see also Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662, 664 (1966); *Herren v. Hawks,* 139 Mont. 440, 365 P.2d 641, 643 (1961).

to testify at the trial or simply for discovery purposes.

The injury for which plaintiffs sued Dr. Lindig was an alleged chronic osteomyelitis condition in Mrs. Priest's left leg. The worsening of that condition, or the converse, an improvement in it, since the first trial would surely be pertinent at the new trial. Possibly there will be new exhibits to be introduced at the second trial, such as X-rays, medical or laboratory reports, or other relevant matters which have come into existence since the first trial.

■ In summary, even though the court has the discretion to adopt and utilize the pre-trial proceedings that took place prior to the first trial, it would not be consistent this court's mandate ordering a new trial to now limit the parties to those former proceedings alone. Other matters should also be allowed to supplement the original proceedings. Consequently, we overrule and vacate, as being inconsistent with the new trial which was ordered pursuant to our mandate, those provisions of the superior court's order providing that no additional witnesses will be allowed to present evidence, that no additional discovery will be allowed, and that the exhibits to be used at the second trial must be limited to the exhibits that were submitted at the first trial.

■ Plaintiffs also contend that their notice of change of judge filed pursuant to Civil Rule 42(c) was improperly denied or disallowed.[3] Judge Van Hoomissen presided at the first trial. When this court on appeal reversed and remanded the case for a new trial, it would be fair to presume that the same judge would preside at the second trial in the absence of a reassignment of the case to another judge.[4] No such reassignment has been made. Consequently, plaintiffs' attempt to exercise their peremptory challenge as to Judge Van Hoomissen expired at some time prior to the first trial when notice was given that Judge Van Hoomissen would preside at that trial.[5] Judge Blair was correct in denying plaintiffs' attempt to remove Judge Van Hoomissen from the case at this late date.

Judge Blair's order denying the attempted disqualification of Judge Van Hoomissen from presiding at the new trial is affirmed. Judge Van Hoomissen's "Order Re: Pre-Trial Order" of December 11, 1978, is remanded to him for modification of the portion which dealt with the scope of pre-trial proceedings relating to the new trial, in accordance with the views expressed in this opinion.

REMANDED.

---

**3.** A notice of change of judge under Civil Rule 42(c) constitutes a peremptory challenge of a judge as authorized by the legislature in AS 22.20.022. A peremptory challenge differs from a challenge for cause. *See* discussion in *Wamser v. State*, 587 P.2d 232 (Alaska 1978).

**4.** Each of the parties would have five days from the time notice of reassignment for trial before a specific judge is given in which to exercise a peremptory challenge and file a notice of change of judge. Civil Rule 42(c)(3) provides in relevant part:

> Notice of change of judge is timely if filed before commencement of trial and within five days after notice that the case has been assigned to a specific judge.

**5.** *See Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975).