The People of the State of Illinois, Plaintiff-Appellee,
v. Robert P. McCracken, Defendant-Appellant.

Gen. No. 65–3.

Second District.

August 13, 1965.

Robert C. Jenkins, of Sycamore, for appellant.

James E. Boyle, State's Attorney, of Sycamore (James D. O'Grady, Assistant State's Attorney, of counsel), for appellee.

ATTEN, J.

Robert P. McCracken was indicted by a grand jury of DeKalb County for the crime of forgery. He thereafter, filed in the Circuit Court a motion to quash the indictment for the following reasons:

1. That the indictment is based solely upon the testimony of an incompetent witness, this defendant being informed and believing and upon such information and belief stating the fact to be that one Field Utter who did not know anything of his own knowledge with respect to the acts, deeds, transactions or events upon which the indictment was based was the only witness to testify before the grand jury with respect to this matter.

2. That the indictment was returned by a Grand Jury which acted contrary to Article 112 of the Criminal Code, or Chapter 38 of the 1963 Revised Statutes of Illinois, in that it failed to cause its foreman to sign the purported Bill of Indictment involved in this cause, which action results in substantial injustice to the defendant, McCracken, at least, if not also to the defendant, Davy.

3. That this defendant has not been placed on trial in compliance with Section 103–5 of the said Criminal Code, he having been held in the custody of the Sheriff of DeKalb County, Illinois, for the thirty-eight days including and following April 30, 1964, and again on June 8,

1964, he was released from custody upon his surety bond, and has not to this date been offered a trial in response to his said demands therefor.

The trial court denied the motion to quash and defendant in this appeal alleges two errors: (1) that the names of witnesses testifying before the Grand Jury were not endorsed on the indictment, and (2) that the indictment is based solely upon the testimony of an incompetent witness.

██ At the hearing on the motion defendant orally pointed out that the names of witnesses who testified before the grand jury were not endorsed on the indictment. The State's Attorney promptly gave defendant a list of witnesses, which was accepted by him. Since the defendant did not formally object at the trial, he waived any rights he might have had under chapter 78, sec 17, Ill Revised Statutes. (People v. Haxton, 207 Ill App 584.)

The other error relied on by the defendant in his appeal is that the indictment was based solely upon the testimony of an incompetent witness; and that the DeKalb County Sheriff, Field Utter, who testified before the grand jury did not know of his own knowledge the acts, deeds, transactions or events upon which the indictment was based.

 A motion to quash an indictment will not permit the trial court to inquire into the proceedings before the grand jury for the purpose of determining whether the evidence heard was sufficient to support the indictment unless all of the witnesses before that body were incompetent or all of the testimony on which the indictment was returned was incompetent. (People v. Wheeler, 403 Ill 78, 84 NE2d 832; People v. Gould, 345 Ill 288, 178 NE 133; People v. Duncan, 261 Ill 339, 103 NE 1043; People v. Bladek, 259 Ill 69, 102

NE 243.) Indictments will not be quashed because, according to defendant's theory of the case, those who testified before the grand jury did not in fact witness the commission of the offense charged. (People v. Price, 371 Ill 137, 20 NE2d 61.) An indictment is only a formal charge and does not require the degree and quality of proof necessary for a conviction. (People v. Derrico, 409 Ill 453, 100 NE2d 607.)

█ Incompetent testimony before a grand jury is only that testimony given by a witness disqualified by law (such as complete mental derangement); and therefore if the witness is competent, his testimony before the grand jury is competent. (People v. Jones, 19 Ill2d 37, 166 NE2d 1.)

█ The trial court found that Sheriff Field Utter was competent and therefore the evidence introduced by him was competent. The Court did not err in refusing to grant defendant's motion to quash.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.