**People of the State of Illinois, Plaintiff-Appellee, v. Francis Oldsby, Defendant-Appellant.**

**Gen. No. 52,791.**

First District, First Division.

January 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

The defendant, Francis Oldsby, was indicted in two counts with the offenses of attempted rape and deviate sexual assault, in violation of section 8–4 and section 11–3 of chapter 38, Ill Rev Stats (1967), respectively. A bench trial resulted in findings of guilty on both counts of the indictment from which the court sentenced de-

fendant for a term of five to ten years on each count. On this appeal, the defendant asserts that error was committed when he was convicted for two crimes, which he alleges arose from the same transaction.

The facts reveal that on November 15, 1966, the complaining witness, Leone O'Beremdt, was walking in a northerly direction from her residence at 6400 South Cottage Grove Avenue, Chicago, at 5 o'clock in the morning. While proceeding toward the elevated station at 63rd Street and Cottage Grove, she noticed a man in an alcove; and that near a closed filling station she was grabbed from the rear by a man who was identified by this witness as the defendant. The complaining witness was taken into an alley behind the filling station, made to crawl under a fence, and forced to lay down on defendant's coat which he had placed. on the ground. Defendant forced her to partially disrobe and he exposed his penis and made an unsuccessful attempt at sexual intercourse. She then put on her clothes and she assured defendant they could go to her room at the hotel where she lived. While proceeding in that direction, she cried out to another man, whereupon the defendant slapped her face and grabbed her, forcing her against a building located at Eggleston and Cottage Grove Avenues. Defendant forced her to sit, put his coat over one of her shoulders and exposed his penis. The complaining witness was then forced to touch and then kiss the defendant's penis. She then spoke to defendant and convinced him to go to her room. When they arrived at the hotel, they encountered a George Hagan who knew Leone O'Beremdt, and she informed Hagan of the defendant's actions. Hagan succeeded in restraining the defendant until the police arrived and arrested him.

Since the defendant does not challenge the sufficiency of the evidence presented to prove his guilt, we do not deem it necessary to set out any further evidence. The defendant contends that the attempted rape and deviate

413

sexual assault were the result of the same conduct or transaction, so that his conviction for both crimes was error because of the rule that where both counts relate to the same occurrence, the defendant will be prejudiced by the sentences on both convictions. The argument concludes that he could only be convicted and sentenced for the greater offense of attempted rape, so that this court should reverse the conviction for deviate sexual assault. The State argues that the defendant's acts involved two separate and distinct commissions of criminal conduct, both factually and because of the nature of the crimes charged.

Before reaching the merits of this issue, justice requires that we deal with a problem that appears from the record. The trial court sentenced defendant on a finding of guilty on both counts to terms of 5 to 10 years imprisonment. Nothing appears as to whether the terms were to be served concurrently or consecutively. It is a well established rule that two or more sentences of a defendant to the same place of confinement run concurrently in the absence of a contrary expression in the order of court. People v. Toomer, 14 Ill2d 385, 152 NE2d 845 (1958); People v. Anderson, 407 Ill 503, 95 NE2d 366 (1950).

The issue raised by defendant is whether he was properly convicted on these two charges which allegedly arose from the same criminal conduct. Section 1–7(m) of chapter 38, Ill Rev Stats (1967) states:

> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

414

According to the Committee Comments to this subsection, this codified the holding of People v. Schlenger, 13 Ill2d 63, 147 NE2d 316 (1958), which expressed the converse proposition that if the offenses resulted from the same conduct, then the defendant may not be sentenced on both, either concurrently or consecutively. The Schlenger case involved a two count indictment for armed robbery and grand larceny where defendant took $200 from an individual. The Court found that the concurrent sentences of 5 to 15 years and 5 to 10 years on the charges caused prejudice to the defendant's parole in the future. See also: People v. Squires, 27 Ill2d 518, 190 NE2d 361 (1963). The Schlenger case, supra, used language of the "same transaction" in discussing the meaning of the term "conduct" which is defined in section 2–4 of chapter 38, Ill Rev Stats (1967) as follows: "an act or a series of acts and the accompanying mental state."

The defendant relies upon People v. Boyd, 105 Ill App 2d 345, 245 NE2d 587 (1969), which reversed a conviction for aggravated battery and affirmed a conviction for attempted robbery where the defendant had demanded money and then assaulted the individual when his demand was ignored. The Boyd case discussed many other decisions which the defendant in this case argues are dispositive of the issue involved. In People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651 (1966), a conviction for burglary with intent to commit rape was reversed while the court upheld a rape conviction because the separate counts of the indictment were held to be part of the same conduct. This decision is factually inapplicable to our case and has been questioned by subsequent decisions. People v. Raby, 40 Ill2d 392, 240 NE2d 595 (1968) cert denied 393 US 1083; People v. Weaver, 93 Ill App2d 311, 236 NE2d 362 (1968). Next, in People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299 (1963), a conviction for incest was reversed while affirming a rape

■■■■■

conviction, where the defendant had carnal knowledge of his daughter. The Supreme Court's decision was that both crimes had the element of unlawful carnal knowledge as a common denominator and then stated at page 261:

> "In the present case we are of the opinion that only one sentence should have been imposed, and that sentence should have been for the greater offense. The relative gravity of the two offenses involved in the *single act* in this case can not depend upon the sentences actually imposed. . . ." (emphasis supplied).

The Duszkewycz case has been explained in a number of decisions, of which two appear to crystallize the meaning of the statutes and case law involved. In the case of People v. Raby, supra, the defendant was convicted of the crimes of disorderly conduct and resisting arrest when he sat down in an intersection during a civil rights demonstration and when arrested for this action "went limp" in the arms of police officers. The court characterized these offenses as separate and distinct, involving more than a single act for the commission of the two offenses. On the other hand, in City of Chicago v. Hill, 40 Ill2d 130, 238 NE2d 403 (1968), the defendants were charged and convicted for the crimes of obstructing traffic and disorderly conduct in sitting down in an intersection and refusing to move when ordered by the police. There, the court noted that both offenses were premised upon the act of sitting in the intersection and that the two fines were punishing the same conduct twice in contradiction to their holding in Duszkewycz, supra, where the court had previously stated at page 261, "that two punishments can not be imposed for a single act, even though different ingredients are involved in the two crimes."

In the light of the above authority, we are of the opinion that the defendant has not shown any merit in

his contentions. From the facts as presented, we can only conclude that the defendant's assault upon the complaining witness could only be characterized as separate acts of attempted rape and deviate sexual conduct. The offenses charged are by definition dissimilar and could only be committed by separate and distinct acts of the defendant, regardless of any time and space differences that may have occurred. The record has ample proof to substantiate this conclusion. Further, we note the decision of People v. Baker, 114 Ill App2d 450, 252 NE 2d 693 (December 17, 1969), where the defendant was charged with three counts in the same indictment, for armed robbery, aggravated assault with a deadly weapon and aggravated assault in causing great bodily harm. The defendant argued, as in this case, that only one sentence was proper since the offenses resulted from the same conduct. The court affirmed the convictions of armed robbery and one count of aggravated battery, but reversed the conviction dealing with aggravated battery with a deadly weapon. The court then stated:

"We are of the opinion that defendant's conduct constituted armed robbery and one separate and distinct offense of aggravated battery. The initial striking of the victim by defendant, followed by the use of the knife, together constituted the use of force which was an element of the armed robbery. The judgment on the second count of aggravated battery (using a deadly weapon) is, therefore, reversed. It was after the robbery had been completed, however, with the taking of the watch, that defendant committed a separate crime by kicking the victim in the head, causing great bodily harm. In affirming convictions for two different crimes, we do not mean to imply that defendant's acts of battery and robbery were wholly unrelated in time and fact; the evidence clearly indicates that there was a con-

nection. However, the 'conduct' in perpetrating the two offenses was not the same conduct as it is defined in the statute quoted above [sec 2–4, ch 38]; the acts, and especially their accompanying mental state, were different, even though closely joined in time."

We think the above remarks are applicable to the instant case. Therefore, we affirm the decision of the Circuit Court of Cook County.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.