**STATE of Alaska, Appellant,**

v.

**Marvin James GEORGE, Appellee.**

**No. 1786.**

Supreme Court of Alaska.

July 16, 1973.

Harold M. Brown, Dist. Atty., Ketchikan, John E. Havelock, Atty. Gen., Juneau, for appellant.

William Council, Asst. Public Defender, Ketchikan, Susan Burke, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, and FITZGERALD, JJ.

## OPINION

PER CURIAM.

The State of Alaska appeals from the superior court's dismissal of an indictment in which appellee Marvin George was charged with the crime of burglary not in a dwelling.[1]

In the superior court George moved to dismiss the indictment on the ground that it was based on insufficient evidence. At the time the motion came before the court for hearing, counsel for the state requested a two-day continuance in order to permit the filing of a memorandum in opposition to appellee's dismissal motion.[2] The state's motion for a two-day continuance was denied and appellee's motion to dismiss the indictment was granted. This appeal followed.

We turn initially to the question of the sufficiency of the evidence which the state presented to the grand jury. Review of the record of the grand jury proceedings persuades us that the evidence was sufficient to sustain the indictment under the standards first articulated by this court in State v. Parks, 437 P.2d 642 (Alaska 1968), and later elaborated upon in Burkholder v. State, 491 P.2d 754 (Alaska 1971), and Taggard v. State, 500 P.2d 238 (Alaska 1972). In *Parks*, this court said that an indictment would be insufficient and subject to dismissal "if it appeared that no evidence was presented to the grand jury that rationally established the facts." We also stated that under this test

the question is one of sufficiency of the evidence—whether it is adequate to persuade reasonable minded persons that if unexplained or uncontradicted it would warrant a conviction of the person charged with an offense by the judge or jury trying the offense. . . . It is not required that the evidence be the kind that would not fall within one of the exclusionary rules of evidence and therefore would be admissible at the trial even though objected to by a defendant.[3]

The grand jurors heard the testimony of the officer who conducted an on-the-scene investigation at the burglary situs. They also heard the incriminating statement given to this officer by appellee George, and had before them independent evidence corroborating this statement.[4] We thus con-

---

1. Rule 5, Rules of Appellate Procedure, provides in part that:
   [T]he State shall have a right to appeal in criminal cases only to test the sufficiency of the indictment . . .

2. At this same proceeding the state requested the opportunity to be permitted to orally argue the matter. This request was denied by the trial court.

3. State v. Parks, 437 P.2d 642, 644 (Alaska 1968) (footnotes omitted).

4. The evidence before the grand jury showed that there was a burglary of the Craig Inn in Craig, Alaska. In his statement, appellee George indicated that Dewey Skan had burglarized the Craig Inn, and that he had entered the building at the same time Skan had and took a knife off the top of the safe and threw it in the bag; that he had received $400 of the money taken and had given some of the money to Floyd Roberts; that subsequently he, appellee George, had returned

clude that the state's evidence met the criteria in *Parks* and it was therefore error on the trial court's part to have dismissed the indictment in this case.[5]

■ We turn next to the question of the superior court's denial of the state's motion for a two-day continuance for the purpose of filing a memorandum in opposition to appellee's motion to dismiss. On the facts appearing in this record, we fail to see how appellee could have been prejudiced by allowing the requested continuance. On the other hand, the denial prejudiced the state in that the ruling precluded the state from filing any opposition going to the merits of appellee's dismissal motion. We therefore conclude that the superior court, on the particular facts of this case, abused its discretion in denying the state's request for a continuance.[6]

Reversed and remanded with instructions to reinstate the indictment.

ERWIN, J., not participating.

---

$214.35 of the stolen money to the owner of the Craig Inn.

The investigating officer testified he found the door to the office of the Craig Inn had been broken open and approximately $1200 in cash removed from the safe. This officer further testified that the wife of the owner stated to him that George had been standing outside the Inn at the time the burglary was discovered and had said words to the effect, "We'd better get out of here or let's get out of here."

5. Regarding the statement which was obtained from him and testified to at the grand jury proceedings by the investigating officer, appellee argues in part that:

There was no evidence before the grand jury to indicate that . . . [he] had knowingly or intelligently waived his right to remain silent before making the statement that was presented to the grand jury. Since the state did not demonstrate that there had been a valid waiver, the statement at this point must be presumed to have been procured in violation of the privilege.

We find nothing in the record showing whether or not George was given a proper *Miranda* warning before making the questioned statement, or whether he was in custody at the time it was given. Thus, appellee George has failed to meet his burden of proof in regard to showing that the indictment was not grounded on sufficient evidence. State v. Shelton, 368 P.2d 817, 819 (Alaska 1962). In light of this failure, we do not reach the difficult question as to whether an indictment is subject to dismissal if based on illegally obtained evidence. *See* United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), and the discussion found in 1 C. Wright, Federal Practice and Procedure—Criminal § 111, pp. 201-07 (1969).

6. The state showed adequate justification for its requested continuance. The record discloses that the state did not receive notice of the revised hearing date for the dismissal motion until just prior to the hearing.

In Spight v. State, 450 P.2d 157, 159 (Alaska 1969), we held that the trial court is vested with broad discretion to grant or deny continuances. In the past we have found abuse of discretion when a party has been deprived of a substantial right or seriously prejudiced by the court's ruling. John Doe v. State, 487 P.2d 47 (Alaska 1971); Klockenbrink v. State, 472 P.2d 958 (Alaska 1970).

Inherent in our disposition of the continuance issue is the conclusion that the matter of the propriety of the trial court's denial of a continuance is so inextricably tied to the sufficiency of the indictment issue as to be properly before this court, pursuant to the right of the state to appeal in criminal matters provided for in Rule 5, Rules of Appellate Procedure. *See* note 1, *supra.*