THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT SCOTT, Defendant-Appellant.

(No. 58485;

First District (5th Division)—August 3, 1973.

Philip M. Basvic, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, John M. Cutrone, Assistant State's Attorneys, and Ricky Petrone, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial defendant was found guilty of rape, indecent liberties with a child, and attempt deviate sexual conduct and sentenced to concurrent terms of '6 to 18 years on the charge of rape and 6 to 14 years on each of the charges of indecent liberties with a child and attempt deviate sexual conduct.

On appeal defendant contends:

"1. the three concurrent sentences for offenses arising from the same conduct were improper,

2. the prosecutor's conduct prevented defendant from receiving a fair and impartial trial, and,

3. the trial court abused its discretion in allowing the prosecution to recall a material witness after the witness had been extensively examined on direct and cross-examination."

Defendant had been visiting the older sister of the complaining witness, Claudia Gilliam, aged ten, and when he left about 10:00 P.M. he told Claudia that he would take her for some ribs. He returned at approximately 12:15 A.M. and Claudia went with him to a rib place about one block from her house and, after she had bought the ribs with money given to her by the defendant, he suggested they go to his apartment for some pop. There he refused to allow her to watch television and told her to come into the bedroom which she did and it was her testimony that, while she was sitting on a bed, defendant pulled down her panties and put his hand into her privates. Then he pulled down his pants and put his penis into her privates. Because she was yelling, he beat her about the face, bit her jaw, held his hand over her mouth and said he would kill her. After withdrawing his penis, he rolled over and laid on his back and then told her to commit an act of oral copulation. When she refused, he pulled her head down with both of his hands to his penis. Shaking and scared she refused again to comply and he then put his clothes on and drove her home. When she arrived home she told her sisters, one of whom called the police.

On cross-examination, Claudia testified that she didn't know the address of the building where she was raped, but that she could describe it and take someone to it.

Before resting its case in chief, the State made a motion that Claudia Gilliam be recalled, informing the court that during a lunch recess, Claudia, accompanied by the two prosecuting attorneys and other members of the State's Attorney's Office, was taken on a tour of the general area where the offenses occurred and was able to identify the two buildings to which she was taken by defendant. The court allowed this mo-

tion limiting Claudia's testimony to the identification by the introduction of photographs of the buildings.

Since defendant does not challenge the sufficiency of the evidence presented to prove his guilt, we find it unnecessary to set out any further evidence.

OPINION

■■ Defendant first questions whether the three concurrent sentences for crimes arising from the same conduct were proper. The State has conceded and we agree that the conviction and sentence for the offense of indecent liberties with a child[1] be reversed because it resulted from the same conduct, has the same elements, and involved the same victim as the rape offense and therefore defendant may not be sentenced on both, either concurrently or consecutively. Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m). See also *People v. Miller,* 7 Ill.App.3d 878, 289 N.E.2d 23; *People v. Thomas,* 130 Ill.App.2d 1107, 266 N.E.2d 721.

With regard to the question as to whether the convictions for rape and attempt deviate sexual conduct[2] resulted from the same conduct, the *Thomas* case cited by defendant is significant. There, defendant was charged with two offenses of indecent liberties, an offense of rape, and an offense of deviate sexual assault and the court, in a fact situation similar to the case here, affirmed the convictions for rape and deviate sexual assault as arising from separate acts and reversed the convictions for indecent liberties because they were necessarily included in the other two offenses. In *People v. Oldsby,* 119 Ill.App.2d 412, 256 N.E.2d 27, the defendant was indicted on two counts for the offenses of attempted rape and deviate sexual assault and the court held that the acts involved in those crimes were separate and distinct and that the accused was properly convicted on each charge. See also, *People v. Moore,* 51 Ill.2d 79, 281 N.E.2d 294, where separate sentences were sustained for four offenses including rape and deviate sexual assault with the court stating at p. 87:

"Finally defendant contends that because all of the charges

---

[1] Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—4(a)(1).
   (a) Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:
   (1) Any act of sexual intercourse;

[2] Defendant was charged with the offense of attempt, in that, "he, with the intent to commit the offense of deviate sexual assault, by force attempted to compel Claudia Gilliam to perform an act of deviate sexual conduct, to-wit: oral copulation upon him,"

arose out of one transaction, involving one victim, it was improper to impose more than one sentence. Each of the offenses of rape, robbery and burglary, although committed in the course of the same transaction, involves conduct clearly divisible from the conduct which constitutes the other offenses. With respect to the offenses of rape and deviate sexual assault, there is precedent for the imposition of separate sentences."

■■ Here, after the rape had been completed, defendant rolled over on his back and attempted to force the complaining witness to perform a deviate sexual act. We conclude that the offenses arose from separate and distinct conduct and that defendant was properly found guilty of each.

Defendant's second and third contentions are closely interrelated. In the second he maintains that he did not receive a fair trial because of the conduct of the prosecutors in taking Claudia, after she had testified, to the general area of the crimes and then recalling her as a witness and, in this third contention, he argues the trial judge abused his discretion in allowing Claudia to be recalled as a witness.

While she was on the stand, the trial judge on one occasion admonished Claudia not to talk to her sister about the case during a noon recess and on another occasion, after she had concluded her testimony, he told Claudia not to go into a room where other persons were present. Defendant asserts that by these directions the trial judge intended that Claudia not be unduly influenced by other persons and thus, when she was taken by the prosecutors to the area of the occurrence, they were acting contrary to the court's intent and directions and, in recalling her, they violated their duty to provide defendant with a fair and impartial trial. Defendant then argues that the trial judge, because of his prior directions to Claudia, abused his discretionary power in allowing her to be recalled after knowledge that the prosecutors had taken her to the scene of the offenses.

We note that the motion to recall Claudia was made during the State's case in chief for the limited purpose of introducing the photographs identifying the apartment building and the "rib place" to which she had been taken by defendant. The State, in support of its motion, points out that defendant, in his cross-examination of Claudia, brought out the fact that she didn't know the address of the apartment building but could identify it and it was for that purpose to locate the buildings that she was taken by the prosecutors. The court allowed her to be recalled for that limited purpose and it is noted that counsel for defendant made only a general objection to the admission of the photographs and did not raise the issue of the conduct of the prosecutors.

Defendant does not contend, and it does not appear from the record, that Claudia was unduly influenced by the prosecutors prior to her recall testimony. Neither does he allege, nor were we able to determine, any substantial prejudice because of her identification of the buildings.

We believe that the directions given Claudia by the trial court were limited in scope. Although she was told not to talk to her sister during the lunch recess, nowhere in the record does it appear that she was instructed not to talk about the case after she completed her testimony. We do not believe that the direction given, after she left the witness stand not to enter a room where other potential witnesses might be present, was intended to prohibit further discussion of the case. That this was not the intention of the trial judge is indicated by the fact that he did allow her to testify (*People v. Davis*, 118 Ill.App.2d 93, 254 N.E.2d 610). See also, *People v. Price*, 8 Ill.App.3d 158, 289 N.E.2d 280, where it was held that the prosecution could reopen its case not only for the purpose of proving formalities but also to establish facts essential for a conviction.

Defendant, in support of his second and third contentions, cites *People v. Sweetin*, 325 Ill. 245, 156 N.E. 354; *People v. Black*, 317 Ill. 603, 148 N.E. 281; and *People v. Crump*, 5 Ill.2d 251; 125 N.E.2d 615, all of which are inapposite. In *Sweetin*, the prosecutor obtained a crucial confession by unlawful means in violation of the right of defendant to receive a fair trial. In *Black*, the court allowed prosecutor to ask numerous improper questions and to make many uncalled-for remarks which obviously were for the sole purpose of prejudicing the jury and improper argument, all in violation of defendant's right to a fair trial. In *Crump*, one of the prosecutors taking an active part in the trial, after a rule to exclude all witnesses, to which he had agreed, was allowed to testify on rebuttal to same matters which should have been introduced in the State's evidence in chief. *Crump* actually is authority in support of the trial judge in the instant case. At p. 265 in that case it was stated:

> "A trial court is vested with discretion in permitting a witness to testify, even if an order excluding witnesses has been entered. [Cases cited.] The fact that a part of the testimony of a witness might also have been competent in chief does not necessarily render it improper for reception in rebuttal. [Cases cited.] However, as held in *People v. Castree*, 311 Ill. 392, the prosecution ought not, with knowledge of important testimony at its command, close its case without introducing it and then, after the defendant has introduced his testimony, be permitted to open up its case anew and introduce evidence in chief which it could have produced at the proper time but withheld. * * * [A]

serious question exists as to the propriety of the court permitting Austin to testify in violation of the rule excluding witnesses unless his testimony was limited by the prosecuting attorney strictly to rebuttal testimony."

In *Crump*, it was held that the action of the trial court in allowing the witness to testify "in and of itself alone did not prejudice the defendant." The case was reversed and remanded for other reasons.

Here the State moved to recall Claudia during its case in chief for the limited purpose of identifying certain buildings, the necessity for which testimony was occasioned by the cross-examination of the witness by defendant's counsel when she stated she did not know the address of one of the buildings but could describe it and could also take someone to it.

■■ We conclude, therefore, from our review of the record, that defendant did receive a fair trial and that the trial judge did not act improperly in allowing the State to recall the witness.

Although not raised by defendant, we take notice that the sentence of 6 to 14 years for the offense of attempt deviate sexual conduct is excessive in view of recent legislation. The offense of deviate sexual assault is now characterized as a Class 1 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—3(b)) and the sentence for the offense of attempt (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)) is as follows:

"(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A—2 of this Act,

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony;

(2) the sentence for attempt to commit treason, or aggravated kidnaping shall not exceed the sentence for a Class 2 felony;

(3) the sentence for attempt to commit any other forcible felony shall not exceed the sentence for a Class 3 felony; and

(4) the sentence for attempt to commit any offense other than those specified in Subsections (1) and (2) hereof shall not exceed the sentences for a Class 4 felony."

At first reading it would appear that the offense of attempt deviate sexual assault, not being an attempt to commit murder (subsection 1) or an attempt to commit treason or aggravated kidnaping (subsection 2) would come within subsection 3 which provides that the sentence not

exceed that provided for a Class 3 felony. A problem arises in that it would also appear that attempt deviate sexual assault also comes within subsection 4 because it is an attempt to commit an offense other than those specified in subsections 1 and 2. Subsection 4 provides for a sentence not to exceed that of a Class 4 felony.

It is indicated that the legislature may have intended to include in subsection 4 and the offenses specified in subsection 3 as well as subsections 1 and 2. However, it did not do so and defendant is entitled to the benefits of the Unified Code of Corrections which would lessen his sentence (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269). Accordingly, we will apply the provisions of subsection 4 and we note that for a Class 4 felony the Unified Code of Corrections provides for a maximum sentence of "any term in excess of one year not exceeding three years" Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(5) and in par. 1005—8—1(c)(5) for a minimum sentence "of one year in all cases."

Pursuant to Supreme Court rule 615 (Ill. Rev. Stat. 1971, ch. 110A, par. 615), we have the authority to reduce defendant's sentence. Consistent with what we understand to be the policy of sentencing under the Unified Code of Corrections we reduce defendant's sentence for the offense attempt deviate sexual assault to a term of 1 to 3 years.

The judgments are affirmed, the sentence on the charge of rape is affirmed, the sentence for attempt deviate sexual assault is reduced to a term of 1 to 3 years and, as modified, it is affirmed and the sentence on the charge of indecent liberties with a child is vacated.

Affirmed in part, sentences reduced in part and vacated in part.

DRUCKER, P. J., and LORENZ, J., concur.