THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM T. DIXON, Defendant-Appellant.

(No. 58687; )

First District (1st Division)—June 17, 1974.

Paul Bradley, of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was convicted by a jury of attempt armed robbery and sentenced to 10 to 14 years in the State Penitentiary. On appeal, he raises two questions: (1) whether the prosecutor's closing argument, commenting in part on the defendant's attitude during the trial, makes it necessary to give the defendant a new trial; and (2) whether the defendant's sentence must be modified according to the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—2(b)). We answer these no and yes, in that order.

As the defendant has not challenged the sufficiency of the evidence, a detailed recital of the testimony as to the events leading to his arrest and conviction is not necessary.

Between 5:45 and 6 P.M., on May 1, 1971, a man, whom all six occurrence witnesses testified was the defendant, entered the Jewel Food Store at Grand and Central Park, in Chicago, put one arm around the neck of the security guard Philip Teachout and shoved a gun into his ribs. He ordered the service manager Charles Kadlec, who was then behind the counter counting money, to hand it over. A struggle ensued, joined in by William Montes, an off-duty Cook County deputy sheriff who was a customer, and by James Jamison, an employee of the Osco Drug Store adjacent to the Jewel. During the struggle, a gun was discharged, wounding Teachout in the right hand. The defendant was subdued and handcuffed and was turned over to the Chicago police after they arrived at the scene. At the trial a total of six occurrence witnesses testified as above for the State. The defendant did not take the stand and called no witness. On the pre-sentence hearing after the jury's verdict, it was disclosed that the defendant had pleaded guilty to murder and burglary in 1952 and had served 16 years in the penitentiary until he was discharged in 1968.

Although he does not challenge the sufficiency of the evidence to sustain his conviction, the defendant's first contention is that he is entitled to a new trial because, in his argument to the jury, the prosecutor stated, *inter alia,* that:

> "The defendant sits throughout this whole trial, as the officers testified, telling what happened, as he sits in this courtroom today without a nickel's bit of emotion, without anything."

■■■ It should be noted that the trial judge promptly sustained an objection to this comment, ordered it stricken and instructed the jury to disregard it. In our considered opinion, this comment did not constitute a comment on the defendant's failure to testify in his own behalf, and, in view of the overwhelming proof of the defendant's guilt and the prompt action of the trial judge, we conclude and hold that the comment

did not substantially prejudice the defendant. See *People v. Battaglia*, 282 Ill. 91, 96, 118 N.E. 397; *People v. Naujokas*, 25 Ill.2d 32, 38, 182 N.E.2d 700; *People v. Stahl*, 26 Ill.2d 403, 405-406, 186 N.E.2d 349; *People v. Daugherty*, 43 Ill.2d 251, 256, 253 N.E.2d 389, and *People v. Hampton*, 44 Ill.2d 41, 46, 253 N.E.2d 385.

■■ Passing now to the defendant's second contention—that the sentence must be modified so as to conform to the present Unified Code of Corrections, the State concedes, as it must, first, that where, as here, an appeal is pending and undetermined, the defendant is entitled to the benefit of said Code (*People v. Chupich* (1973), 53 Ill.2d 572, 295 N.E. 2d 1; *People v. Harvey* (1973), 53 Ill.2d 585, 294 N.E.2d 269); second, that under said Code, attempt armed robbery is a Class 3 felony for which the maximum sentence is 10 years; and third, that the minimum is one-third of that or 3⅓ years. Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 8—4(c), 1005—8—1(b)(4), 1005—8—1(c)(4).

■■ The defendant's further contention—that because of an apparent ambiguity in the said attempt statute (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c), effective January 1, 1973) all attempts other than murder, treason or aggravated battery are to be treated as Class 4 felonies (see *People v. Scott* (1973), 14 Ill.App.3d 211, 216-217, 302 N.E.2d 146, which so held) has recently been disposed of adversely to his contention by our supreme court's reversal of that case. *People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.

As a result, we reduce the defendant's 10- to 14-year sentence to 3⅓ to 10 years. In all other respects, the judgment is affirmed.

Judgment affirmed as modified.

EGAN, P. J., and GOLDBERG, J., concur.