THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BISSONNETTE, Defendant-Appellant.

(No. 72-242;

Second District—July 10, 1974.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

William V. Hopf, State's Attorney, of Wheaton (Malcolm F. Smith and Ralph J. Gust, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HUNT delivered the opinion of the court:

This is an appeal from a conviction by a jury, and concurrent sentencing of 4 to 10 years for each of the crimes of attempt (rape) and deviate sexual assault. Defendant challenges the indictment, the proof and the sentencing.

The complaining witness was a 20-year-old woman, a student at Wheaton College. On May 16, 1971, about 10:30 in the morning, she rode with a friend to a rural pasture and timber area near a road known as Prairie Path. The friend left and prosecutrix lay on the grass to sunbathe and study some college texts. The nearest dwelling was at least a block away and no one was within sight or sound of her at this time. She was dressed in blue jeans rolled to the knees, over panties, and a blue work shirt with the shirt tail out, sleeves rolled to the elbow over a bra.

The defendant, who lived in the area, approached and started a conversation with her. He was wearing a shirt and slacks and had a sheath knife in a hunting case on his belt. He told her that he had a gun and that she better come with him or someone would get hurt. She looked around and, seeing no help or avenue of escape, elected to accompany him. He took her hand and led her a distance of about 500 feet to a wooded area heavy with underbrush where he ordered her to sit down. She repeatedly plead with him, "Please don't hurt me," but displayed no further resistance to his advances for a time. He talked to her briefly about life in communes, the new morality, free love and the joys of body kissing. He then unbuttoned her shirt, lifted her bra and kissed her on the neck, breasts and stomach. She remained passive. He then removed her jeans and panties and kissed her legs and stomach. Then, spreading her legs and placing them over his shoulders, he placed his mouth hard against her vagina and again kissed her legs and abdomen.

He then put her legs down, folded her jeans and placed them under her hips and opened his pants exposing his penis. She said that she was a virgin and asked him not to have intercourse with her and he agreed not to. He told her to lie flat on her back and he placed his penis between her legs close to the vagina and told her to pull her legs together. There followed a simulated intercourse without noticeable penetration for a period of about 20 minutes.

At that time the movements of his hips loosened the sheath knife which fell to the ground at her side. She felt around, found the knife and jabbed it into his side just below the shoulder at the eighth rib, almost puncturing the lung and leaving a cut 1 to 1½ inches wide.

The defendant sat back and prosecutrix held on to the knife. A struggle ensued for the knife and defendant wrested it away from her. He

threatened to cut her and in fact threatened her life with it. She persuaded him he needed medical help from his wound, helped him staunch the flow of blood with a sleeve from her shirt, and helped him to a house which they reached at his direction. On entering the yard, he threw the knife and sheath into a dog house and they went to the door to seek help. It turned out to be his house and his wife met him at the door. He said there had been an accident and that prosecutrix had helped him.

She asked to use the telephone, called the Wheaton College and arranged for the dean of women to meet her at the hospital. She then accompanied the defendant and his wife to the hospital. While he received medical aid she told the dean of women what she had experienced. They drove first to the city hall and then to the county police. She was examined by a physician. He found her hair matted and bloody, mud on her legs, dirt in the opening of the vagina, the hymen intact and no evidence of sperm. He could not say positively if there had been a penetration.

Prosecutrix testified as to the above facts, which were corroborated by the police, the dean of women, and the medical testimony. Defendant did not testify, and a police officer was called as to some possible inconsistent items in the police report.

Prosecutrix first signed a rape complaint (which was later nolle prossed), and the defendant was arrested. Subsequently defendant was indicted for attempt (rape), and about 3 months later for deviate sexual assault. The two indictments were consolidated for purposes of trial.

Prior to the trial, defendant filed a motion to quash the indictment charging deviate sexual assault, arguing that the grand jury heard no competent evidence—only the testimony of an assistant State's Attorney. The assistant State's Attorney acknowledged that another member of the staff had presented the case to the grand jury and that he, the assistant, had appeared and testified as the only witness. He declined to say what testimony he had presented, on the ground that it was before a grand jury and therefore a secret investigation. No record was made of the grand jury proceedings. It is conceded the evidence was hearsay.

■■■ In Illinois a grand jury may return an indictment upon hearsay evidence. (*People v. McCracken*, 61 Ill.App.2d 457, 209 N.E.2d 673 (1965).) It is common for an investigating police officer to appear and testify as to matters he saw or uncovered at the scene of the crime and also what was told him by others who were present. The grand jury is an official body, constituted and sworn by the court, to make an independent investigation into all matters which may come before it presented by the State's Attorney or otherwise. Section 112—4(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, § 112—4(a))

states: "The Grand Jury shall hear all evidence presented by the State's Attorney."

■■  It has the power to require the presence of witnesses if it feels it needs further or better information. Its inquiries are secret, and the court will not inquire into proceedings had before it, for the purpose of determining whether the evidence heard by it was sufficient to support an indictment, unless all the witnesses were incompetent. (*People v. Bladek*, 259 Ill. 69, 102 N.E. 243 (1913).) "Incompetent" means mentally deranged or otherwise disqualified by law. *People v. McCracken*, 61 Ill.App.2d 457, 209 N.E.2d 673 (1965).

There is no showing that the witness here was mentally incompetent. The fact he was called as an investigating witness and was also on the staff of the State's Attorney does not render him legally incompetent, nor does it constitute an improper attempt to influence the grand jury. (*People v. Strauch*, 247 Ill. 220, 93 N.E. 126 (1910).) While this practice could be subject to abuse and is not encouraged, we cannot say that any of defendant's statutory or constitutional rights were offended.

■■■  Defendant challenges the sufficiency of the evidence to establish the crime of attempt (rape). He argues there was no intent to commit the crime of rape and therefore his actions previously described which constitute a substantial step toward the commission of that offense should be disregarded. Defendant relies upon her testimony that he had assured her she would not be hurt and that he would not violate her virginity and that she should keep her legs together, coupled with the fact there was no evidence of penetration. The jury also heard testimony of his mounting passion and excitement, and that he was armed with a sheath knife. The fear and apprehension displayed by the prosecutrix indicated that she did not rely upon his assurances. She stabbed him in self-defense, not relying on his representations.

The fact that he grabbed the knife after his sexual attack was interrupted, and threatened her life with it, was also before the jury. The jury was properly instructed on the law concerning intent. Specific intent, if not admitted by defendant, can be discovered by examining the totality of the circumstances. A charge of attempt (rape) was sustained where defendant threatened the prosecutrix's infant daughter if prosecutrix did not submit, and then was frightened away without further action. *People v. Triplett*, 46 Ill.2d 109, 263 N.E.2d 24 (1970). See also *People v. Bazzelle*, 130 Ill.App.2d 131, 264 N.E.2d 457 (1970).

■■  Where the jury has had an opportunity to see and hear the witnesses, and has been properly instructed as to the law, this court will not set aside its findings in the absence of a clear showing as to reasonable

doubt. *People v. Henderson*, 12 Ill.App.3d 111, 298 N.E.2d 183; *People v. Barker*, 13 Ill.App.3d 349, 299 N.E.2d 365.

■■ Defendant was sentenced October 8, 1971, on a charge of deviate sexual assault, to a period of not less than 4 nor more than 10 years, and on the charge of attempt (rape) to a term of not less than 4 nor more than 10 years to be served concurrently.

■■ Defendant has appealed from the sentencing and has filed a motion with the appeal, which this court has taken with the briefs, to reduce the sentence on the attempt (rape) charge to that of a Class 4 felony. Defendant relies upon the provisions of section 8—4(c)(4) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 8—4(c)(4)), effective July, 1973, as construed by *People v. Scott*, 14 Ill.App.3d 211, 302 N.E.2d 146, *aff'd in pt. and rev'd in pt.*, 57 Ill.2d 353. Defendant also claims the benefit of the Unified Code of Corrections, effective January 1, 1973, which prohibits a sentence in which the minimum sentence is in excess of one-third of the maximum term (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)). Defendant also appeals from the concurrent sentencing, charging that they arose out of the same transaction against the same person and by the same person at the same time and place.

The court finds that the defendant is entitled to any lesser sentence provided in the Unified Code of Corrections, as this case has been constantly before the courts on appeal since the date of sentencing in 1971. (Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4; *People v. Lilly*, 56 Ill.2d 493; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; and *People v. Horton*, 15 Ill.App.3d 51, 303 N.E.2d 534.) This court has the power to reduce the sentence to conform to the law without remanding, by virtue of Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, § 615). The minimum sentence may be reduced to 3 years, 4 months to 10 years for the Class 2 felony of attempt (rape). The crime of deviate sexual assault is a Class 1 felony punishable by a sentence of not less than 4 years to an indeterminate number of years. (Ch. 38, § 11—3(b).) There is no restriction on the minimum term for a Class 1 felony in its relation to the maximum term (ch. 38, § 1005—8—1(c)(2)), and the sentence of 4 to 10 years for this crime is still correct. (*People v. Lilly, supra*.) Defendant relies on *People v. Scott, supra*, to reduce the sentence on the attempt (rape) to that allowed for a Class 4 felony. The section on sentencing referred to in *Scott* was amended October 1, 1973, to correct a legislative oversight and resulting ambiguity. The section (Ill. Rev. Stat. 1973, ch. 38, § 8—4(c)) now reads as follows:

"(c) Sentence.

A person convicted of an attempt may be fined or imprisoned

or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A-2 of this Act.

(1) the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony;

(2) the sentence for attempt to commit a Class 1 felony shall not exceed the sentence for a Class 2 felony;

(3) the sentence for attempt to commit a Class 2 felony shall not exceed the sentence for a Class 3 felony; and

(4) the sentence for attempt to commit any felony other than those specified in Subsections (1), (2) and (3) hereof shall not exceed the sentence for a Class 4 felony." (Amended by Pub. Act 77-2638, § 1, effective Jan. 1, 1973; Pub. Act. 78-342, § 1, effective Oct. 1, 1973.)

Rape is a Class 1 felony. (ch. 38, § 11—1(c).) The sentence for a rape attempt may not exceed the penalty for a Class 2 felony, namely, 1 to 20 years. The present sentence of 4 to 10 years (now reduced to 3 years 4 months to 10 years) is therefore correct and the defendant is not entitled to the benefit of a punishment as a Class 4 felony.

The defendant also argues that the two offenses arose out of the same transaction against the same person by the same person at the same time and place and that one crime is an included part of the other. Here the facts disclosed that preliminarily the defendant undressed the victim from the waist down, forced her to put her lower limbs over his shoulders and forcefully placed his mouth against her vagina and other parts of her body. Thereafter he forced her to lie on her back and took overt steps to accomplish the crime of rape. The two acts have been recognized by the courts as separate and distinct offenses and not part of one single transaction. The case of *People v. Scott,* 14 Ill.App.3d 211, 302 N.E.2d 146, *aff'd in pt. and rev'd in pt.,* 57 Ill.2d 353, cited by the defendant in his motion, involved an accomplished rape followed by an attempted forced deviate sexual assault. The appellate court there found the offenses separate and sustained concurrent sentences. See also *People v. Miller,* 7 Ill.App.3d 878, 289 N.E.2d 23; and *People v. Moore,* 51 Ill.2d 79, 281 N.E.2d 294.

The finding and sentence on the charge of deviate sexual assault is affirmed, the finding on the charge of rape (attempt) is affirmed and the sentence reduced to not less than 3 years 4 months nor more than 10 years, said sentences to run concurrently.

Affirmed, and sentence reduced in part.

T. MORAN, P. J., and SEIDENFELD, J., concur.