**Elaine DAVENPORT, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A-3290.

Court of Appeals of Alaska.

Aug. 24, 1990.

Elaine Davenport, Palmer, pro se.

Eugene B. Cyrus, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON *, JJ.

## OPINION

COATS, Judge.

Elaine Davenport petitioned for hearing from Superior Court Judge Beverly W. Cutler's affirmance of her conviction for negligent driving in district court before Magistrate E.L. Windahl. Davenport claimed that the trial court erred when it declined to consider the tape-recorded testimony of an alibi witness who had formerly testified in court for Davenport in a domestic violence dispute. We granted the petition for hearing. We now reverse.

Neither the state nor Davenport was represented by an attorney at trial. Elaine Davenport's ex-husband, Jack Davenport, and his wife, Nancy Davenport, testified that on March 12, 1989, between the hours of 8:00 p.m. and 8:30 p.m., they were driving home when Elaine drove up from behind and attempted to run them off the road. Officer Decker testified that he charged Elaine with negligent driving based on Jack and Nancy's report of the incident to the police.

At trial, Elaine Davenport contended that Jack and Nancy had lied. Davenport informed the court that she had been at a daycare center picking up her son at the time of the incident and that she had tape-recorded testimony from an employee at the daycare center to prove her story. According to Davenport, the daycare employee gave the testimony at a domestic violence hearing; Jack and Nancy had filed a complaint against her based on the negligent driving incident and an alleged assault which occurred shortly thereafter. Davenport claimed that Jack and Nancy lost the domestic violence matter based on the alibi witness testimony.

Davenport mentioned several times throughout the proceeding that the tape recording of the alibi witness would prove her innocence. Neither party objected to the playing of the tape. Nonetheless, the court declined to listen to the tape.

* This case was submitted for decision prior to Judge Singleton's resignation.

Based on Jack and Nancy's testimony, the court found Davenport guilty of negligent driving. Davenport then questioned the court's decision; she again informed the court that the taped alibi witness testimony would prove her innocence. Davenport also specifically asked the court whether she should have subpoenaed the alibi witness rather than having brought the tape recording. The court responded that it was not bound by sworn testimony from other court proceedings and declined to alter its ruling.

Davenport then filed an appeal in the superior court. Judge Cutler denied Davenport's appeal. The court concluded that the tape recording was inadmissible under Evidence Rule 804(b)(1)[1] because the state had not been a party at the domestic violence hearing, and thus had not had an opportunity to cross-examine the alibi witness. The court also noted Davenport had not requested a continuance in order to bring the alibi witness to trial to testify.

Davenport filed a petition for hearing. We granted the petition and asked the state to address the contention that it was an abuse of discretion for the trial court to refuse to consider the tape recording of Davenport's alibi witness without giving Davenport any indication how she could properly introduce the testimony. The state filed a brief and argued that under District Court Rule of Criminal Procedure 8(i) the state trooper who presented the state's case had no authority to object to improper testimony.[2] The state argues that the trial judge had discretion to prevent Davenport from introducing hearsay evidence. The state also argues that the court had no duty to intervene to tell Davenport how to properly admit the evidence.

We disagree. The evidence which Davenport sought to introduce was critical to her case. As someone who was not a lawyer, Davenport had every reason to believe that she would be able to introduce this evidence: the evidence consisted of prior testimony which was given in court in another hearing. We assume that the trial judge had the authority to exclude the evidence as hearsay. *But see State v. Parks*, 437 P.2d 642, 644 (Alaska 1968) (hearsay is inadmissible only if objected to by the party against whom it is offered). However, where the court acted on its own initiative in excluding this evidence, which was critical to an unrepresented defendant, it seems unfair for the court to fail to give the unrepresented defendant any indication as to how she could properly introduce her evidence. We note that Davenport was obviously taken by surprise by the court's ruling and specifically asked the court for guidance as to how she might properly introduce the evidence. There does not appear to be any reason why the court could not have granted a continuance to let her call her witness.

We accordingly REVERSE Davenport's conviction.

---

1. Evidence Rule 804(b)(1) provides:

   *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
   1. *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

2. District Court Rule of Criminal Procedure 8(i) provides:

   A municipal corporation or the State of Alaska may be represented by an employee for the prosecution of minor offenses under this rule.... However, the employee is limited to giving testimony and may not examine witnesses, make opening and closing arguments, or otherwise act as an attorney.